


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************************************************

| | | |
|---|---|---|
| DONALD E. MOELLER, Petitioner, | * | CIV. 04-4200 |
| -vs- | * | MEMORANDUM OPINION AND ORDER RE: MOTION TO SERVE SECOND AMENDED PETITION AND POSSIBLE EVIDENTIARY HEARING |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, Respondent. | * | |

******************************************************************************

Petitioner, Donald E. Moeller, through his court-appointed counsel of record, Mark F. Marshall, moved this Court on May 12, 2006, for Leave to Serve a Second Amended Petition. Doc. 33. The purpose of the Amendment was to challenge the method of execution which would apply to Petitioner. Respondent resisted the Motion to Serve the Second Amended Petition on several grounds. Respondent contended that presentation of the method of execution claim would violate the statute of limitations in federal habeas corpus matters, because the issues surrounding the method of execution are new grounds which do not relate back to the initial filing of the petition. Respondent also contended that the method of execution claim was procedurally defaulted or unexhausted, and no reason existed for a stay and abeyance because the statute of limitations had expired. Respondent further contended that the method of execution claim was too vague to constitute a federal habeas claim.

Less than a week after Petitioner filed his reply to Respondent's Resistance to the Motion for Leave to Serve a Second Amended Petition, the United States Supreme Court handed down its decision in *Hill v. McDonough*, 126 S.Ct. 2096 (2006). Petitioner moved for leave to file a supplemental brief to address the impact of *Hill v. McDonough* on his Motion for Leave to Serve a Second Amended Petition. Doc. 39. This Court granted the motion and allowed Respondent to respond to the supplemental brief.

*Hill v. McDonough*

In *Hill v. McDonough*, 126 S.Ct. 2096 (2006), a death row inmate who had previously brought an unsuccessful federal habeas corpus action brought an action under 42 U.S.C. § 1983 action challenging the particular method of lethal injection planned for his execution. The Eleventh Circuit Court of Appeals affirmed the District Court's dismissal of the action for failure to comply with the requirements for successive habeas corpus petitions. The United States Supreme Court reversed the Eleventh Circuit Court of Appeals and held that while challenges to the lawfulness of confinement or to the particulars affecting the duration of confinement are within the province of a habeas corpus action, an inmate's challenge to the circumstances of his confinement may be brought under 42 U.S.C. § 1983. 126 S.Ct. at 2101. The Supreme Court held that the death row inmate's action, if successful, would not prevent the State from executing him by lethal injection because the inmate was not challenging the lethal injection sentence as a general matter but was seeking to enjoin the respondents from executing him in the manner they currently intended. 126 S.Ct. at 2101 - 2102.

The Supreme Court in *Hill v. McDonough* concluded that a death row inmate's filing of an action under Section 1983 does not entitle the inmate to an order staying an execution as a matter of course. 126 S.Ct. at 2104. As an equitable remedy, a stay of execution would require consideration of the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts. Also, before granting a stay of execution a federal court must a apply "'a strong equitable presumption against the grant of a stay where a claim could have been brought at such time as to allow consideration of the merits without requiring entry of a stay.'" 126 S.Ct. at 2104( *quoting Nelson v. Campbell*, 541 U.S. 637, 650 (2004)).

Proposed Amendments to Amended Petition

In ground fifteen of Petitioner's proposed Second Amended Petition Petitioner contends that S.D.C.L. § 23A-27A-32[1] provides for a mandatory manner of execution by lethal injection and that

[1]S.D.C.L. § 23A-27A-32 provides in relevant part:

The punishment of death shall be inflicted by the intravenous administration of a lethal quantity of an ultra-short-acting barbiturate in combination with a chemical paralytic agent and continuing the application thereof until the convict is pronounced dead by a

he believes that the Department of Correction officials have adopted Execution Guidelines that are inconsistent with the requirements of S.D.C.L. § 23A-27A-32. Petitioner further contends that Department of Correction officials do not have the discretion to vary from the statutory requirements, and that to execute by a means other that which is statutorily prescribed deprives Petitioner of his rights to due process and equal protection of the laws.

In ground sixteen of Petitioner's proposed Second Amended Petition Petitioner contends that he believes that the execution guidelines adopted by the State of South Dakota call for the administration of three Chemicals - Sodium Thiopental, Pancuronium Bromide and Potassium Chloride. Petitioner asserts that the administration of these three chemicals has led to at least thirty-six botched executions, and that given the absence of any medically trained persons participating in the execution process, it is reasonably foreseeable that Petitioner may experience suffocation and excruciating pain during his execution. Petitioner further contends that since the pain which would probably result from his execution would be more than the mere extinguishment of life, this manner of execution with the three chemical is prohibited by the Eighth Amendment's ban on cruel and unusual punishment.

Although *Hill v. McDonough*, 126 S.Ct. 2096 (2006), allows for the consideration in a timely filed 1983 action of a challenge to the constitutionality of the manner in which a lethal injection execution is conducted, Petitioner maintains that his challenge to South Dakota's lethal injection execution should be part of this habeas action. Petitioner argues that if South Dakota added the potassium chloride as a third drug for lethal injection in contravention of the statutory mandate as to the manner of execution, then this unauthorized protocol for Petitioner's execution is in violation of his federally protected right to due process of law. Petitioner further argues that if the manner of

---

licensed physician according to accepted standards of medical practice. An execution carried out by lethal injection shall be performed by a person selected by the warden and trained to administer the injection. The person administering the injection need not be a physician, registered nurse, or licensed practical nurse licensed or registered under the laws of this or any other state.

execution is unconstitutional, S.D.C.L. § 23A-27A-14[2] would require that he be sentenced to life imprisonment.

Anticipated Statutory Revision

It is generally known within the territorial jurisdiction of this Court that on August 29, 2006, the Governor of South Dakota stayed the execution of another death row inmate, Elijah Page. The stay was issued based on the discrepancy between the statutory requirement of two drugs for lethal injection and the plan by the Department of Corrections to use three drugs to carry out Page's execution. The Governor has stated publicly that he delayed the execution to allow the South Dakota Legislature to revise the statutory requirements for lethal injection. This Court takes judicial notice of these facts. *See* FED. R. EVID. 201.

Assuming, without deciding, that the proposed amendments to Petitioner's Amended Petition were timely made,[3] and that the issues raised therein are properly considered in a habeas action, the

---

[2]S.D.C.L. § 23A-27A-14 provides:

> In the event the death penalty for a Class A felony is held to be unconstitutional by the South Dakota Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a Class A felony shall have such person brought before the court, and the court shall sentence such person to life imprisonment.

[3]Petitioner maintains that since *Hill v. McDonough*,126 S.Ct. 2096 (2006), was not yet determined by the Supreme Court at the time he filed his original and amended federal petition for habeas corpus relief, there exists good cause for his failure to present these grounds in the original petition. Petitioner further contends that Grounds fifteen and sixteen of his proposed Second Amended Petition relate back to the date on which his initial application was filed. Petitioner concedes that the matters contained in grounds fifteen and sixteen of his proposed Second Amended Petition were never presented to the South Dakota Supreme Court on direct appeal or in the appeal from the State Circuit Court's denial of his State petition for writ of habeas corpus. In the prayer for relief in the proposed Second Amended Petition Petitioner requests that this Court stay this matter and hold it in abeyance while granting him leave to present Grounds Fifteen and Sixteen to the South Dakota State Courts.

28 U.S.C. 2244(d)(1) establishes a one-year limitation period for an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Court is still presented with a situation in which the issues raised in the proposed amendments will likely be rendered moot in part or in whole or at least potentially affected by the action or inaction of the 2007 South Dakota Legislature. For this reason, the Court is denying the Motion for Leave to Serve a Second Amended Petition (Doc. 33) without prejudice to the right to again make the motion after the next regular session of the South Dakota Legislature.

Whether an Evidentiary Hearing is Warranted

Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." In the prayer for relief in Petitioner's First Amended Petition for Writ of Habeas Corpus, Petitioner requests "all relief to which he may be entitled in this proceeding," but does not specify whether he is requesting an evidentiary hearing. Within 20 days of the issuance of this Memorandum Opinion and Order Petitioner shall submit a brief advising the Court on which, if any, issues he is requesting an evidentiary hearing, and the basis for any such request. Respondent shall have 20 days from service of Petitioner's brief on whether an evidentiary hearing is warranted to file a response. Accordingly,

IT IS HEREBY ORDERED:

(1) that the Motion for Leave to Serve a Second Amended Petition (Doc. 33) is denied without prejudice to a subsequent refiling; and

(2) that within 20 days of the date of this Memorandum Opinion and Order, Petitioner shall

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

submit a brief advising the Court on which, if any, issues he is requesting an evidentiary hearing, and the basis for any such request; and

(3) that Respondent shall have 20 days from service of Petitioner's brief on whether an evidentiary hearing is warranted to file a response.

Dated this 8th day of September, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: ______________
(SEAL) DEPUTY