**FILED**

NOV 2 8 2007



CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

******************************************************************************

|  |  |  |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| Petitioner, | * | |
| | * | |
| | * | MEMORANDUM OPINION AND |
| -vs- | * | ORDER RE: AMENDED MOTION TO |
| | * | SERVE THIRD AMENDED PETITION, |
| | * | EVIDENTIARY HEARING REQUEST |
| | * | AND DISCOVERY REQUEST |
| DOUGLAS WEBER, Warden, | * | |
| South Dakota  State Penitentiary, | * | |
| Respondent. | * | |
| | * | |

******************************************************************************

Pending before the Court is Petitioner's Amended Motion for Leave to Serve a Third Amended Petition for Writ of Habeas Corpus And Complaint for Declaratory and Injunctive Relief Doc. 54. Petitioner had earlier moved this Court for Leave to Serve a Second Amended Petition for Writ of Habeas Corpus. Doc. 33. The purpose of both proposed Amendments was to challenge the constitutionality of the lethal injection method of execution which would apply to Petitioner. After Petitioner had moved this Court  for Leave to Serve a Second Amended Petition the United States Supreme Court handed down its decision in *Hill v. McDonough*, 126 S.Ct. 2096 (2006)(allowing consideration in a timely filed 1983 action of a challenge to the constitutionality of the manner in which a lethal injection execution is conducted). The parties were allowed  to file supplemental briefs to address the impact of *Hill v. McDonough* on Petitioner's Motion for Leave to Serve a Second Amended Petition. On August 29, 2006, the Governor of South Dakota stayed the execution of another death row inmate, Elijah Page.  The stay was issued to allow the South Dakota Legislature to revise the statutory requirements for lethal injection in recognition of the discrepancy between the statutory requirement of two drugs for lethal injection and the plan by the Department of Corrections to use three drugs to carry out Page's execution.

Recognizing that  the proposed amendments could be rendered moot in part or in whole or at least be potentially affected by the action or inaction of the 2007 South Dakota Legislature, this

Court denied the Motion for Leave to Serve a Second Amended Petition without prejudice to the right to again make the motion after the next regular session of the South Dakota Legislature. The 2007 South Dakota Legislature amended S.D.C.L. § 23A-27A-32 to state, in part, as follows:

> The punishment of death shall be inflicted by the intravenous injection of a substance or substances in a lethal quantity. The warden, subject to the approval of the secretary of corrections, shall determine the substances and the quantity of substances used for the punishment of death. An execution carried out by intravenous injection shall be performed by a person trained to administer the injection who is selected by the warden and approved by the secretary of corrections. The person administering the intravenous injection need not be a physician, registered nurse, licensed practical nurse, or other medical professional licensed or registered under the laws of this or any other state.

In Petitioner's proposed Third Amended Petition for Writ of Habeas Corpus Complaint for Declaratory and Injunctive Relief, Petitioner has added a cause of action for declaratory and injunctive relief under 42 U.S.C. § 1983 or alternatively under 28 U.S.C. § 2201, for violation of his civil rights under state law with regard to the lethal injection protocol which would apply to his execution. The State advised in its response to Petitioner's Amended Motion for Leave to Serve a Third Amended Petition for Writ of Habeas Corpus And Complaint for Declaratory and Injunctive Relief that its research had not turned up any case law that indicates whether a Section 1983 claim may properly be joined with a habeas corpus petition. Doc. 55. In its earlier resistance to Petitioner's Motion to Serve the Second Amended Petition Respondent contended that presentation of the method of execution claim would violate the statute of limitations in federal habeas corpus matters because the issues surrounding the method of execution are new grounds which do not relate back to the initial filing of the petition. Respondent also contended in its earlier resistance that the method of execution claim was procedurally defaulted or unexhausted, and no reason existed for a stay and abeyance because the statute of limitations had expired.[1]

---

[1]28 U.S.C. 2244(d)(1) establishes a one-year limitation period for an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

Although Petitioner is now presenting his constitutional challenges to the State's method of execution in a cause of action for declaratory and injunctive relief under 42 U.S.C. § 1983 or alternatively under 28 U.S.C. § 2201, as opposed to additional grounds for habeas corpus relief under 28 U.S.C. § 2254, developments in the law have occurred which may justify the consideration of method of execution claims in a 2254 petition which were not previously presented to the State Courts,[2] or may establish a later date from which the one-year limitation period commences.

The United States Supreme Court recently granted a petition for writ of certiorari in *Baze v. Rees*, 128 S.Ct. 34 (U.S. Ky. Sept. 25, 2007), with regard to the following three questions:

> I. Does the Eighth Amendment to the United States Constitution prohibit means for carrying out a method of execution that create an unnecessary risk

---

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[2]In *Snell v. Lockhart* 14 F.3d 1289, 1296 -1297 (8th Cir. 1994), the Eighth Circuit discussed the four- step analysis it applies when deciding in an action under 28 U.S.C. § 2254 whether to consider a claim not presented to a state court:

> First, we determine whether the claim was in fact "fairly presented" to the state courts as required by 28 U.S.C. § 2254(b); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). Then, if the claim was not fairly presented, we determine whether "the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile state remedies', through which the petitioner can present his claim." *Smittie [v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988)] (quoting *Laws v. Armontrout*, 834 F.2d 1401, 1414 (8th Cir.1987), *aff'd on rehearing*, 863 F.2d 1377 (8th Cir.1988), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989)). If there are no available state remedies, the final two steps of the analysis involve determinations of whether petitioner can show adequate cause for failing to raise the claim and actual prejudice resulting from the state court's failure to consider the claim. *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Smittie*, 843 F.2d at 296.

3

of pain and suffering as opposed to only a substantial risk of the wanton infliction of pain?

II. Do the means for carrying out an execution cause an unnecessary risk of pain and suffering in violation of the Eighth Amendment upon a showing that readily available alternatives that pose less risk of pain and suffering could be used?

III. Does the continued use of sodium thiopental, pancuronium bromide, and potassium chloride, individually or together, violate the cruel and unusual punishment clause of the Eighth Amendment because lethal injections can be carried out by using other chemicals that pose less risk of pain and suffering?

*Baze v. Rees*, Petition for a Writ of Certiorari, 2007 WL 2781088.

The Petition for a Writ of Certiorari in *Baze v. Rees* maintains that the Supreme Court has not directly addressed the constitutionality of a method of execution since *Wilkerson v. Utah*, 99 U.S. 130 (1878)(addressing legislative act of Utah that a person convicted of a capital offense shall suffer death by being shot, hanged or beheaded), although the Court has made cursory reference to varying different standards in cases not dealing with executions. The Petition for a Writ of Certiorari further maintains that the failure to address the constitutionality of the lethal injection method of execution has resulted in state and federal courts extrapolating standards from non-capital cases and creating legal standards to apply to method of execution cases which differ between jurisdictions.

Subsequent to granting the Petition for a Writ of Certiorari in *Baze v. Rees*, the United States Supreme Court has stayed the execution of a Virginia death row inmate scheduled to be executed by lethal injection. *See Emmett v. Johnson*, 2007 WL 3018923 (Oct. 17, 2007). Also, the Eighth Circuit Court of Appeals recently stayed the execution of an Arkansas death row inmate, Jack Harold Jones, Jr., who was scheduled to be executed by lethal injection. *See Nooner, Davis, and Jones v. Norris*, No. 07-3165 (8th Cir. Oct. 11, 2007)(order granting motion for stay of execution).

Based on the events that have occurred subsequent to Petitioner's original filing of his 2254 petition, the Court is granting Petitioner's Amended Motion for Leave to Serve a Third Amended Petition for Writ of Habeas Corpus And Complaint for Declaratory and Injunctive Relief. A signed copy of the amended motion shall be filed and served as soon as practical and the Respondent shall

4

have 20 days after service to file an answer on the merits to the entire petition, including the cause of action for declaratory and injunctive relief. At the time of filing the answer, Respondent may also file a memorandum regarding his current position on whether a Section 1983 claim may properly be joined with a habeas corpus petition. Petitioner may respond to Respondent's memorandum 20 days after being served with the same.

Requests for Discovery, Evidentiary Hearing, and Consideration of Supplemental Authority

In the prayer for relief in Petitioner's proposed Third Amended Petition, Petitioner requests that the Court allow discovery and an evidentiary hearing. The Court recognizes that some discovery is necessary with regard to the issues concerning South Dakota's lethal injection procedure since S.D.C.L. § 23A-27A-32 does not identify the substances to be used in the intravenous injection and does not set forth the nature of the training requirements of the person to administer the lethal injection. Since this matter originated as a petition for habeas corpus relief under 28 U.S.C. § 2254, the Court is requiring discovery to be conducted pursuant to Rule 6 of the Rules Governing Section 2254 cases. Petitioner shall, therefore, submit his request for discovery with proposed discovery pursuant to Rule 6(b) of the Rules Governing Section 2254 cases.

The request for an evidentiary hearing will be denied at this time without prejudice to renew the request for evidentiary hearing within 30 days after the United States Supreme Court hands down its decision in *Baze v. Rees*. The Petitioner's Request to Consider Supplemental Authority (Doc. 56) is granted.[3] Accordingly,

---

[3]The Court notes that in *Harbison v. Little*, 511 F.Supp.2d 872 (M.D.Tenn. 2007), the supplemental authority offered by Petitioner, the district court held that an inmate can establish that a method of execution violates the Eighth Amendment either by establishing that the punishment is so disproportionate as to offend the evolving standards of decency that mark the progress of a maturing society, or by showing that the punishment involves the unnecessary and wanton infliction of pain. In *Taylor v. Crawford*, 487 F.3d 1072, 1079 (8th Cir.2007), when the Eighth Circuit upheld as constitutional Missouri's lethal injection protocol, the Eighth Circuit limited its Eighth Amendment examination to the question of whether the process of carrying out the lethal injection sentence involves "the unnecessary and wanton infliction of pain."

IT IS HEREBY ORDERED:

(1) that the Petitioner's Amended Motion for Leave to Serve a Third Amended Petition for Writ of Habeas Corpus And Complaint for Declaratory and Injunctive Relief (Doc. 54) is granted;

(2) that the Respondent shall have 20 days after service of the Third Amended Petition to file an answer on the merits to the entire petition, including the cause of action for declaratory and injunctive relief, and the Respondent may also then file a memorandum regarding his current position on whether a Section 1983 claim may properly be joined with a habeas corpus petition;

(3) that Petitioner may respond to Respondent's memorandum regarding whether a Section 1983 claim may properly be joined with a habeas corpus petition within 20 days after being served with Respondent's memorandum;

(4) that Petitioner shall submit his request for discovery with proposed discovery pursuant to Rule 6(b) of the Rules Governing Section 2254 cases;

(5) that Petitioner's request for an evidentiary hearing is denied without prejudice to renew the request for evidentiary hearing within 30 days after the United States Supreme Court hands down its decision in *Baze v. Rees*; and

(6) that Petitioner's Request to Consider Supplemental Authority (Doc. 56) is granted.

Dated this **28**th day of November, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
(SEAL)      DEPUTY