FILED

MAY 02 2008

[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| Petitioner, | * | |
|  | * | |
|  | * | MEMORANDUM OPINION AND |
| -vs- | * | ORDER RE: MOTION TO RECONSIDER, |
|  | * | MOTION TO STAY DISCOVERY AND |
|  | * | MOTION TO COMPEL DISCOVERY |
|  | * | |
| DOUGLAS WEBER, Warden, | * | |
| South Dakota State Penitentiary, | * | |
| Respondent. | * | |
|  | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Respondent's Motion to Reconsider the Court's Order Re: Request to Conduct Discovery, which was filed by the Court and the Clerk on December 18, 2007. (Doc. 62). Also pending before the Court is Respondent's Motion to Stay the Requirement to Answer Certain Discovery Requests filed by Petitioner (Doc. 69), and Petitioner's motion under FED. R. CIV. P. 37 for an Order Compelling Discovery (Doc. 73).

After the United States Supreme Court handed down its decision in *Hill v. McDonough*, 126 S.Ct. 2096 (2006), which allowed a timely filed 1983 action to challenge the constitutionality of the manner in which a lethal injection execution is conducted, and after the 2007 amendments to S.D.C.L. § 23A-27A-32 became effective, Petitioner filed an Amended Motion for Leave to Serve a Third Amended Petition for Writ of Habeas Corpus And Complaint for Declaratory and Injunctive Relief. Doc. 54. In the proposed Third Amended Petition Petitioner added a cause of action which sought declaratory and injunctive relief under 42 U.S.C. § 1983, or alternatively, under 28 U.S.C. § 2201, for violation of his civil rights under state law with regard to the lethal injection protocol which would apply to his execution. Petitioner contended that both the protocol in effect at the time of his conviction and the amended death penalty statutes violated his rights under the Eighth Amendment and due process clause.

The 2007 South Dakota Legislature amended S.D.C.L. § 23A-27A-32 to state, in part, as follows:

> The punishment of death shall be inflicted by the intravenous injection of a substance or substances in a lethal quantity. The warden, subject to the approval of the secretary of corrections, shall determine the substances and the quantity of substances used for the punishment of death. An execution carried out by intravenous injection shall be performed by a person trained to administer the injection who is selected by the warden and approved by the secretary of corrections. The person administering the intravenous injection need not be a physician, registered nurse, licensed practical nurse, or other medical professional licensed or registered under the laws of this or any other state.

Petitioner alleges in his Third Amended Petition that the State has not published any lethal injection protocol beyond what is contained in S.D.C.L. § 23A-27A-32, and that the State has refused to provide its lethal injection protocol to Petitioner, in spite of his repeated requests for the protocol. Respondent states in his answer that "the basic execution procedures a r e available to the public and are in the public record," however, Respondent neither defines "basic execution procedures" nor specifies the location of such.

The State advised in its response to Petitioner's Amended Motion for Leave to Serve a Third Amended Petition that its research had not located any case law that indicates whether a Section 1983 claim may properly be joined with a habeas corpus petition[1]. Doc. 55. The Court granted Petitioner's Amended Motion for Leave to Serve a Third Amended Petition, and directed Respondent to file an answer on the merits to the entire petition, including the cause of action for declaratory and injunctive relief. The Court further allowed Respondent at the time of filing the answer to file a memorandum regarding his current position on whether a Section 1983 claim may properly be joined with a habeas corpus petition.

Respondent maintains in his answer that Petitioner could not challenge the method of

---

[1]. In its earlier resistance to Petitioner's Motion to Serve the Second Amended Petition, Respondent contended that presentation of the method of execution claim would violate the statute of limitations in federal habeas corpus matters because the issues surrounding the method of execution are new grounds which do not relate back to the initial filing of the petition. Respondent further contended in this earlier resistance that the method of execution claim was procedurally defaulted or unexhausted, and no reason existed for a stay and abeyance because the statute of limitations in 28 U.S.C. 2244(d)(1) had expired.

execution as a claim under 42 U.S.C. § 1983 because Respondent maintains that Petitioner is not actually challenging a particular method of execution but is challenging the State's ultimate right to execute him. Doc. 65. In his brief regarding joinder, Respondent reported he had found no cases in which a court has decided the issue of whether a Section 1983 case may be joined with a habeas case, and contended that in light of the very different purposes, origins, and bases for the two actions, this Court should find such joinder to be improper.

The United States Supreme Court has concluded that the difference in remedy between a habeas claim and a Section 1983 claim does not ipso facto preclude their joinder in a single lawsuit. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez,* 411 U.S. 475, 499 n.14 (1973); *Parkhurst v. Wyoming*, 641 F.2d 775, 776 (10th Cir. 1981). Joinder is generally encouraged to avoid multiplicity of actions. Although in this action Petitioner is seeking to avoid execution, the Court's review of Petitioner's 1983 cause of action and the Supreme Court's decision in *Baze v. Rees*, 128 S.Ct. 1520 (2008), leads the Court to conclude that should the applicable method of execution be found to be in violation of Petitioner's constitutional rights it would be within this Court's equitable powers to fashion a remedy that is capable of preserving the State's interest in proceeding with Petitioner's execution and protecting Petitioner's constitutional right not to be subject to an execution method which presents a substantial or objectively intolerable risk of serious harm. *See, e.g., Morales v. Hickman*, 415 F.Supp.2d 1037 (N.D. Cal. 2006).

Motion to Reconsider the Court's Order Re: Request to Conduct Discovery

In its Memorandum Opinion and Order dated November 28, 2007, this Court recognized that some discovery would be necessary with regard to the issues concerning South Dakota's lethal injection procedure since S.D.C.L. § 23A-27A-32 neither identifies the substances to be used in the intravenous injection nor sets forth the nature of the training requirements of the person or persons who would administer the lethal injection The Court required discovery to be conducted pursuant to Rule 6 of the Rules Governing Section 2254 cases. Petitioner then requested leave of Court to conduct discovery, and in accordance with Rule 6(b) of the Rules Governing Section 2254 cases provided reasons for his request and submitted his proposed interrogatories, requests for production of documents, and requests for admissions. Doc. 60. This Court allowed counsel for Petitioner to serve the proposed discovery on counsel for Respondent, and directed that Respondent follow the

procedures set forth in the Federal Rules of Civil Procedure to object to and/or respond to the requested discovery. Doc. 61. Subsequent to the entry of this last Order Respondent filed a Motion to Reconsider. Doc. 62. Although the Federal Rules of Procedure do not allow for such a motion, *See Anthony v. Runyon*, 76 F.3d 210, 215 (8th Cir. 1996), this Court will address the concerns raised in the motion to reconsider.

Respondent in his brief in support of the motion to reconsider cites numerous cases which address the availability and scope of discovery in habeas corpus actions. None of these cases involve a Section 1983 claim. The discovery in this case is focused only on the Section 1983 claim and the method of execution applicable to Petitioner. By requiring discovery to be conducted pursuant to Rule 6 of the Rules Governing Section 2254 cases, this Court restricted discovery beyond what is typically allowed in Section 1983 actions.

Respondent also contended that discovery was premature on the basis that neither the parties nor this Court would know what the law would be, or is, relative to lethal injection challenges, prior to a decision in *Baze v. Rees, cert. granted*, 128 S.Ct. 34 (2007), order amended, 128 S.Ct. 372 (2007).Since the decision in *Baze v. Rees*, 128 S.Ct. 1520(2008), was handed down on April 16, 2008, the parties and this Court have more guidance on what concerns are relevant for discovery in a challenge to a State's procedures regarding lethal injection, and Respondent's argument regarding prematurity is no longer available.[2]

In *Baze v. Rees*, 128 S.Ct. 1520 (2008), the Supreme Court held that Kentucky's lethal injection protocol satisfies the Eighth Amendment. The Court held that to constitute cruel and unusual punishment, an execution method must present a "substantial" or "objectively intolerable" risk of serious harm. The opinion written by Chief Justice Roberts and joined in by Justices Kennedy and Alito, in addressing whether the case would resolves challenges to other lethal injection protocols states, "A State with a lethal injection protocol substantially similar to the protocol we

---

[2]Respondent also complains that he was not allowed an opportunity to respond to Petitioner's request for discovery. Petitioner's proposed Third Amended Petition (Doc. 54-2), which was filed on July 6, 2007, requested that the Court allow discovery. Respondent has always had the opportunity to respond to Petitioner's request for discovery, and the Court's December 18, 2007, Order continued to allow Respondent the opportunity to object to requested discovery.

uphold today would not create a risk that meets this standard." 128 S.Ct. at 1537.

The Kentucky protocol involves the injection of 3 grams of sodium thiopental, 50 milligrams of pancuronium bromide, and 240 milliequivalents of potassium chloride. Qualified personnel having at least one year of professional experience are responsible for inserting the IV catheters. A certified phlebotomist and an emergency medical technician perform the venipunctures necessary for the catheters. Up to an hour is allowed to establish both primary and secondary peripheral intravenous sites in the arm, hand, leg, or foot of the inmate. Other personnel mix the solutions containing the three drugs and load them into syringes. The drugs are administered remotely from the control room to the inmate through five feet of IV tubing. If the warden and deputy warden determine through visual inspection that the prisoner is not unconscious within 60 seconds following the delivery of the sodium thiopental, a new 3-gram dose of thiopental is administered before injecting the pancuronium bromide and potassium chloride. In the event of a last-minute stay of execution, a physician is present to assist in any effort to revive the inmate. 128 S.Ct. at 1528.

The Roberts opinion in *Baze* states, "It is uncontested that, failing a proper dose of sodium thiopental that would render the prisoner unconscious, there is a substantial, constitutionally unacceptable risk of suffocation from the administration of pancuronium bromide and pain from the injection of potassium chloride." 128 S.Ct. at1533. The opinion notes the "several important safeguards" Kentucky has implemented to ensure an adequate dose of sodium thiopental is given. In addition to the training of the execution team, these safeguards include the fact that the execution team participate in at least 10 practice sessions per year, which involves a complete walk-through of the execution procedures. 128 S.Ct. at1534.

The applicable statutes and the record in this case do not reveal whether South Dakota's lethal injection protocol is "substantially similar" to the protocol approved in *Baze v. Rees*, 128 S.Ct. 1520 (2008). For this reason, discovery is necessary and Respondent's Motion to Reconsider is denied.

Motion to Stay Discovery and Motion to Compel Discovery

Respondent has also filed a Motion for Stay of Answers on Discovery Requests (Doc. 69) for many of the same reasons Respondent cited in his Motion to Reconsider. Petitioner, on the other hand, has moved to compel discovery. Doc. 73. Respondent's objection to discovery was general,

S.Ct. 1520 (2008).

The requests for discovery in this case generally sought information regarding any written lethal injection protocols that have been in effect in South Dakota from the time of Petitioner's conviction to the present. Although Respondent has maintained that discovery should not be allowed as opposed to having requested a protective order, the Court is cognizant that the lethal injection protocols sought in discovery may contain sensitive material that may make necessary the issuance of a protective order.[3] In consideration of the circumstances of this case, the Court is allowing Respondent until May 23, 2008 to submit *in camera* the lethal injection protocols sought in discovery and to designate any redactions the Respondent believes are appropriate. The Court is further allowing Respondent until May 23, 2008 to submit specific objections to Petitioner's discovery requests. Accordingly,

>IT IS HEREBY ORDERED:
>(1) that Respondent's Motion to Reconsider the Court's Order Re: Request to Conduct Discovery (Doc. 62) is denied;
>(2) that Respondent's motion to stay the requirement to answer certain discovery requests filed by Petitioner (Doc. 69) is denied except to the extent stated in this memorandum opinion; and
>(3) that Petitioner's Motion to Compel Discovery (Doc. 73) is denied without prejudice to reassert any Motion to Compel after the Respondent has entered any specific objections to discovery.

Dated this 2nd day of May, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Colleen Schulta
    Deputy

---

[3] The Court notes that the 2008 South Dakota Legislature in Senate Bill 53 passed a provision which will make confidential the name, address, qualifications and other identifying information relating to the identity of an execution team member.