UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

FILED MAY 0 7 2009 CLERK

****************************************************************************

| | |
|---|---|
| DONALD E. MOELLER, | CIV. 04-4200 |
| Petitioner, | |
| -vs- | MEMORANDUM OPINION AND ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

****************************************************************************

On March 31, 2009, this Court entered it Judgment denying Petitioner's Application for Habeas Corpus relief under 28 U.S.C § 2254. Doc. 106. On April 8, 2009, this Court issued its Order Appointing Appellate Counsel and Counsel for Declaratory and Injunctive Relief. Doc. 108. On April 14, 2009, Petitioner Donald E. Moeller, through his new counsel, filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the March 31, 2009 Judgment. Doc. 110. On April 20, 2009, Respondent filed his response to the Rule 59(e) motion and resisted the motion as being untimely as well as on the merits. Doc. 111. No reply has been filed to the response.

## THE RULE 59(E) MOTION TO ALTER OR AMEND THE MARCH 31, 2009 JUDGMENT WAS TIMELY FILED.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." The docket sheet discloses that Petitioner's Rule 59(e) motion was filed on April 14, 2009, fourteen days after the entry of the March 31, 2009 Judgment. The fourteen-day period is reduced, however, by four days by excluding intermediate Saturdays and Sundays (April 4, 5, 11, and 12). *See Arnold v. Wood*, 238 F.3d 992 (8th Cir. 2001) (citing FED.R.CIV.P. 6(a)). The motion was thus timely filed within the ten-day filing period.

# MOELLER IS NOT ENTITLED TO RELIEF UNDER RULE 59(e).

Federal Rule of Civil Procedure 59(e) "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker,* 128 S.Ct. 2605, 2617 n. 5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127-128 (2d ed.1995)); *Galman v. Prudential Ins. Co. of America,* 254 F.3d 768, 771 (8th Cir.2001). As Respondent correctly notes, Moeller has had the opportunity to present the matters presented in his Rule 59(e) Motion from the time he filed his Petition for Habeas Corpus relief under 28 U.S.C § 2254 on December 14, 2004, (Doc.1 ), through the time he presented his Third Amended Petition to this Court on December 5, 2007 (Doc.58). In addition, the substance of the matters presented in Moeller's Rule 59(e) Motion have been presented to the Court.

Moeller argues in his Rule 59(e) Motion that clearly established federal law holds that due process requires an instruction on parole ineligibility whenever future dangerousness has been placed in issue, either by a logical inference from the evidence or by the State's argument. Moeller's argument is based upon the holdings in *Kelly v. South Carolina,* 534 U.S. 246 (2002), *Shafer v. South Carolina,* 532 U.S. 36 (2001), and *Simmons v. South Carolina,* 512 U.S. 154 (1994). Moeller's Rule 59(e) Motion elaborates on the case law interpreting the AEDPA's requirement that a federal court may only grant habeas relief when a state court determination of an issue was contrary to, or an unreasonable application of, clearly established federal law.[1] Moeller's Rule 59(e)

---

[1] Moeller relies upon *Panetti v. Quarterman,* 551 U.S. 930, 127 S.Ct 2842, 2858 (2007), in which the Supreme Court explained:
> AEDPA does not "require state and federal courts to wait for some nearly identical factual pattern before a legal rule must be applied." *Carey v. Musladin,* 549 U.S. 70, ----, 127 S.Ct. 649, 656, 166 L.Ed.2d 482 (2006) (slip op., at 2) (KENNEDY, J., concurring in judgment). Nor does AEDPA prohibit a federal court from finding an application of a principle unreasonable when it involves a set of facts "different from those of the case in which the principle was announced." *Lockyer v. Andrade,* 538 U.S. 63, 76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003). The statute recognizes, to the contrary, that even a general standard may be applied in an unreasonable manner. *See, e.g., Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (finding a state-court decision both contrary to and involving an unreasonable application of the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

Motion also expands the presentation of facts from the guilt phase of Moeller's trial in which the prosecution characterized Moeller's crime as constituting a butchering of the victim and presented evidence which arguably evidenced the future dangerousness of Moeller. In expanding the arguments previously presented by Moeller, Moeller's Rule 59(e) Motion is merely relitigating an old matter that has been considered and determined by this Court. The arguments addressed in Moeller's Rule 59(e) Motion are contemplated in this Court's Certificate of Appealability and should be presented to the Eighth Circuit Court of Appeals rather than be rehashed before this Court.

Moeller's Rule 59(e) Motion states that "with the Court's permission, counsel will amend this Motion to properly present all of Mr. Moeller's grounds for relief with respect to all of his claims, on or before October 14, 2009." In consideration of the scope of Federal Rule of Civil Procedure 59(e) as well as concerns about possible relation-back problems in allowing such an amendment, the Court is denying this request. However, this Court is cognizant and appreciative of the expansive record and seriousness of the case which newly appointed counsel has agreed to undertake. Should counsel move for an extension of time under Rule 4(a)(5) of the Rules of Appellate Procedure, the motion would be considered. Accordingly,

IT IS ORDERED that Moeller's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the March 31, 2009 Judgment (Doc. 110) is denied.

Dated this ____ day of May, 2009.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
DEPUTY