UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*******************************************************************

| | |
|---|---|
| DONALD E. MOELLER, | CIV. 04-4200 |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE: MOTION FOR LEAVE TO CONDUCT DISCOVERY |
| -vs- | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | |
| Respondent. | |

*******************************************************************

Petitioner, Donald E. Moeller, through his current court-appointed counsel of record, moved this Court for leave to conduct discovery. Specifically, counsel requested that this Court issue subpoenas to gather social history records held by the South Dakota State Penitentiary, including records of Moeller's adult and juvenile incarcerations and Moeller's participation in the Youth Forestry Camp. Doc. 129. Moeller's amended motion to alter or amend the judgment denying habeas relief under 28 U.S.C. § 2254 is currently pending before this Court. Respondent resisted the discovery motion. Doc. 130. For the following reasons, the motion for leave to conduct discovery is denied.

A habeas petitioner, such as Moeller, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The Court does not dispute that counsel submitted this request in good faith and in compliance with the American Bar Association's Guideline that post-conviction counsel "continue an aggressive investigation of all aspects" of a death penalty case. *See* ABA Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases 10.15.1(E)(4)(Feb. 2003). After reviewing the factual background of this case, however, the Court has determined there is no good cause for this Court to authorize conducting the requested

discovery.

In resisting the request for discovery the Respondent has submitted proof that Moeller's trial counsel obtained social history records including records from the South Dakota State Training School, Yankton State Hospital, Wyoming Penitentiary, and the South Dakota State Penitentiary. Doc. 130-2. No reply to the resistance has been submitted and no showing has been made to justify opening discovery at this late date to attempt to secure more social history records.

It is also clear that Moeller's trial counsel made a strategic determination that the social history records were not useful but, in fact, harmful to Moeller's defense at the mitigation stage of the trial. Defense counsel objected to the State receiving these records on the basis that the State, in seeking the death penalty, was relying on S.D.C.L. § 23A-27A-1(6) which then provided an aggravating circumstance when "the offense was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim," and that social history records were not relevant to this aggravating circumstance. See Doc. 130-3. In addition, trial counsel testified that a strategic decision was made not to introduce Moeller's social history evidence because counsel was concerned about inviting damaging character evidence. Although trial counsel may have later second guessed that strategic decision, the prosecutor properly testified at the state habeas hearing that defense counsel wanted to keep from the jury the fact that Moeller had nine felony convictions and had been institutionalized most of his adult life.

In *State v. Moeller*, 548 N.W.2d 465 (S.D.1996), the South Dakota Supreme Court reversed Moeller's conviction in his first death penalty trial based on the admission of three prior bad acts. In reversing Moeller's conviction, the South Dakota Supreme Court stated:

> No matter how vile or despicable a person may appear to be, he or she is entitled to a fair trial. Constitutional provisions clearly provide that individuals may only be convicted for the crimes with which they are charged; they may not be subject to criminal conviction merely because they have a detestable or abhorrent background.

548 N.W.2d at 468.

A defendant challenging his conviction must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "*Strickland v. Washington*, 466 U.S. 668, 689 (1984) (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Further discovery will not overcome the presumption that trial counsel was engaging in sound trial

strategy in the attempt to keep the jurors at the penalty phase of Moeller's trial from hearing evidence of what the jurors may have considered a "detestable or abhorrent background." The Court reviewed the entire record in this case in preparing its initial opinion of March 31, 2009, and the record demonstrates that it was sound trial strategy to not open or even significantly risk opening the door to the prior bad acts of Defendant Moeller. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Conduct Discovery (doc. 129) is denied.

Dated this 25th day of March, 2010.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY