FILED APR 09 2010  CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DONALD E. MOELLER, | \* | CIV. 04-4200 |
| Petitioner, | \* | MEMORANDUM OPINION AND ORDER DENYING MOTION FOR RULE 59(e) RELIEF AND AMENDING CERTIFICATE OF APPEALABILITY |
| -vs- | \* | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After this Court entered its March 31, 2009 Memorandum Opinion and Order and Judgment denying relief under 28 U.S.C. § 225, Petitioner, Donald E. Moeller, through his current court-appointed counsel of record, submitted a Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 110). This motion was denied (Doc.113), then the Order denying Rule 59(e) relief was vacated and Moeller was given an extension of time in which to submit an amended Rule 59(e) motion. (Doc. 115). Moeller then submitted an Amended Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (Doc. 122).

A district court has broad discretion to alter or amend a judgment under F ED. R. CIV. P. 59(e). *See SFH, Inc. v. Millard Refrigerated Services*, 339 F.3d 738, 746 (8th Cir. 2003). However, Federal Rule of Civil Procedure 59(e) "permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605, 2617 n. 5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, pp. 127-128 (2d ed.1995)); *Galman v. Prudential Ins. Co. of America*, 254 F.3d 768, 771(8th Cir. 2001). Although Moeller had the opportunity to present most of the matters presented in his Amended Rule 59(e) Motion from the time he filed his Petition for Habeas Corpus relief under 28 U.S.C § 2254 on

December 14, 2004, (Doc.1 ) through the time he presented his Third Amended Petition to this Court on December 5, 2007, (Doc.58) this Court's Memorandum Opinion denying habeas relief characterized the strategy of Moeller's defense counsel at the *Daubert* DNA hearing in a manner not entirely consistent with the South Dakota courts' characterization of defense counsel's conduct, and federal habeas counsel would not have had the opportunity to address this Court's characterization of trial counsel's conduct prior to the entry of judgment in this matter. For this reason, this Court in this Memorandum Opinion will address this aspect of Moeller's Rule 59(e) arguments relating to defense counsel's conduct at the *Daubert* DNA hearing.

Moeller contends that this Court erroneously denied relief on Mr. Moeller's claim that his Sixth Amendment right to effective assistance of counsel was violated by his trial attorneys' failure to participate in his pretrial *Daubert* hearing concerning the admissibility of DNA evidence in his case. Moeller contends that the state courts' factual findings underlying their decision that trial counsel were not ineffective in their meager participation in the *Daubert* hearing were objectively unreasonable when measured against the totality of the evidence in the state court record. The state trial court which determined the DNA evidence would be admitted after considering the *Daubert* standards and after rejecting trial counsel's position that they were not able to be prepared for the Daubert hearing stated: "The court would conclude that the decision by the defense not to present witnesses or examine witnesses at the *Daubert* hearing was a tactical decision made with the intent to create the appearance of error and not the result of being denied an opportunity to do so." *State v. Moeller*, 616 N.W.2d 424, 433 (S.D. 2000). The South Dakota Supreme Court in the state habeas action stated, "[A]s both the habeas and trial courts found, Moeller's trial counsel embarked on a calculated strategy." *Moeller v. Weber*, 689 N.W.2d 1, 9 (S.D. 2004). The South Dakota Supreme Court further noted: "As an aside, we agree with the habeas court's observation that 'if defense counsel were allowed to employ tactics which end in a questionable result and then urge the tactic as a significant error requiring a new trial, the mischief which would result would be limitless.'" 689 N.W.2d at 9 n.2.

As Moeller points out in his amended Rule 59(e) motion, this Court stated in its March 31, 2009 Memorandum Opinion that it did "not necessarily agree with the State courts' findings that defense counsel was engaging in a tactic to create the appearance of error and ineffective assistance

of counsel." (Doc. 105 at 13, n. 5). This Court is unable to embrace the finding that defense counsel as a tactic did not fully participate in the *Daubert* hearing for two reasons. First, this Court shares the Supreme Court's skepticism on whether, in general, defense counsel has or will ever engage in ineffective assistance as a matter of strategy.[1] Second, defense counsel in this case, both experienced and respected lawyers, testified that they believed it was unethical to be intentionally incompetent in representing a client, and that their decision to not fully participate in the *Daubert* hearing was not based on such an intent, but rather, was based on their belief that they lacked the time and the information to fully participate in the *Daubert* hearing. However, even if this Court were to hold that the presumption of correctness of the state courts' finding that defense counsel made and carried out a strategic decision to create the appearance of ineffective assistance was rebutted by clear and convincing evidence, *see Schriro v. Landrigan*, 550 U.S. 465, 473-474 (2007), 28 U.S.C. § 2254(e)(1), this Court still would not conclude that counsel rendered ineffective assistance of counsel.

This Court rejects Moeller's argument that the effectiveness of counsel must be determined solely on counsel's limited participation in the *Daubert* hearing without consideration of other related conduct of counsel in their representation of Moeller, particularly counsel's vigorous cross-examination of the State's DNA expert regarding the methodology, reliability, and control

---

[1] In *Kimmelman v. Morrison*, 477 U.S. 365, 382 n.7 (1986), the Supreme Court, in holding that restrictions on federal habeas review of Fourth Amendment claims did not extend to Sixth Amendment claims of ineffective assistance of counsel, commented as follows:
> We have no reason to believe that defense attorneys will "sandbag"-that is, consciously default or poorly litigate their clients' Fourth Amendment claims in state court in the hope of gaining more favorable review of these claims in Sixth Amendment federal habeas proceedings. First, it is virtually inconceivable that an attorney would deliberately invite the judgment that his performance was constitutionally deficient in order to win federal collateral review for his client. Second, counsel's client has little, if anything, to gain and everything to lose through such a strategy. It should be remembered that the only incompetently litigated and defaulted Fourth Amendment claims that could lead to a reversal of the defendant's conviction on Sixth Amendment grounds are potentially outcome-determinative claims. No reasonable lawyer would forgo competent litigation of meritorious, possibly decisive claims on the remote chance that his deliberate dereliction might ultimately result in federal habeas review.

procedures of the DNA testing. In determining ineffective assistance of counsel a reviewing court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). In *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986), the Supreme Court advised, "It will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." *See also, Bullock v. Carver*, 297 F.3d 1036, 1048 (10th Cir. 2002)("the Supreme Court has cautioned federal courts that even in circumstances where an attorney erred, '[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case ... .'"). Regardless of whether this Court embraces the state courts' finding that counsel engaged in a strategy of deliberate ineffective assistance at the *Daubert* hearing, this Court's independent review of the entire record and the applicable law results in the determination that counsel was not ineffective in addressing the DNA evidence presented against Moeller.

After reviewing the arguments and authorities represented by Moeller in his initial and amended Rule 59(e) motions, this Court concludes that there are "no manifest errors of law or fact" to justify Rule 59(e) relief. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). The March 31, 2009 Memorandum Opinion and Order and Judgment denying relief under 28 U.S.C. § 2255 shall stand as written with regard to the denial of habeas relief. The Court in reviewing the amended Rule 59(e) motion has determined, however, to amend its Certificate of Appealability to include the issue of whether the State's use of DNA expert Moses Schanfield violated Moeller's constitutional rights.

The issuance of a certificate of appealability under 28 U.S.C. § 2253 does not require a showing that an appeal will succeed. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Although a certificate of appealability may issue only where a habeas petitioner has made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C.A. § 2253( c), a habeas petitioner may make that showing by demonstrating that reasonable jurists could debate whether his petition should have been resolved in a different manner or by demonstrating that issues presented in his petition were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. at 338.

In 1992 Schanfield was appointed to conduct DNA testing on behalf of Moeller. During Moeller's second trial, and over defense objection, the trial court admitted evidence of Schanfield's DNA testing and Schanfield's testimony. Moeller contends that this Court erroneously denied relief on his claim that his Sixth Amendment right to effective assistance of counsel was violated when the prosecution utilized the services of and elicited inculpatory testimony from Moeller's DNA expert. No certificate of appealability was previously issued on this issue. While the authority presented by Moeller in support of his amended Rule 59(e) motion is neither dispositive on the merits nor sufficient to justify Rule 59(e) relief on the issue regarding the alleged violation of Moeller's Sixth Amendment right to counsel by the State's possible infringement upon defense work product, the Court concludes based upon the authorities presented[2] that reasonable jurists could debate this issue and that the issue deserves encouragement to proceed further. Accordingly,

**IT IS HEREBY ORDERED:**

1. that Petitioner's Rule 59(e) motions (Doc.110, 122) are denied in that no habeas relief will be granted; and

2. that an amended Certificate of Appealability is issued with regard to the following issues:

> A. Whether Moeller is entitled to federal habeas corpus relief based on his trial counsel's performance at the March 3, 1997, *Daubert* hearing and the ultimate admission of expert testimony regarding the APO-B region of the DNA evidence;
>
> B. Whether Moeller is entitled to federal habeas corpus relief based on his trial counsel's failure to have tested the alleged gahnite which was the subject of the State's soil expert's testimony, and/or based on the trial court's failure to conduct a *Daubert* hearing and the subsequent admission of expert

---

[2]*See, e.g., United States v. Walker*, 910 F.Supp. 861, 867 (N.D.N.Y.1995)(government was barred by attorney work-product doctrine from calling as witnesses defense's consultative, nontestifying ballistics experts); *Commonwealth of Pennsylvania v. Kennedy*, 876 A.2d 939 (Pa. 2005) (work-product doctrine precluded trial court from compelling DNA expert hired by defense to conduct independent testing, to appear and testify as witness for the Commonwealth).

testimony regarding the alleged gahnite;

C. Whether Moeller is entitled to federal habeas corpus relief based on the trial court's response to the jury's question regarding whether Petitioner would ever have a chance to appear before a parole board;

D. Whether a pretrial screening requirement of the Due Process Clause of the Fifth Amendment requires that the aggravating circumstance upon which Moeller's death sentence was based be returned by a grand jury in an indictment or be set forth in an information under South Dakota law; and

E. Whether Moeller is entitled to federal habeas corpus relief based on the trial court having admitted evidence of Moses Schanfield's DNA testing and Schanfield's testimony at Moeller's trial.

Dated this 9th day of April, 2009.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer [signature]
(SEAL)    DEPUTY