

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| | * | MEMORANDUM OPINION AND |
| Petitioner, | * | ORDER RE: DISCOVERY |
| | * | |
| -vs- | * | |
| | * | |
| DOUGLAS WEBER, Warden, | * | |
| South Dakota State Penitentiary, | * | |
| | * | |
| Respondent. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After Respondent Warden Weber moved for summary judgment on Moeller's action under 42 U.S.C. § 1983 (Doc. 141), Moeller requested and this Court ordered that the Motion for Summary Judgment be held in abeyance pursuant to Rule 56(f)(2) of the Federal Rules of Civil Procedure pending adequate time for discovery. Moeller also moved for clarification regarding discovery (Doc. 150), and the Court requested that Respondent address whether Rule 6 of the Rules Governing Section 2254 cases or the Federal Rules of Civil Procedure would apply in this action. Doc. 152. Although Respondent has presented no authority for why the Federal Rules of Civil Procedure would not apply in this action, Respondent opposes Moeller's request for further discovery on the grounds that this case is ripe for summary judgment. Respondent also contends that Moeller's 2007 Request for Production of Documents contains discovery demands which are similar, if not identical, to the demands now being made by Petitioner, and that a vast majority of the documents now being sought by Moeller in his Second Request for Production of Documents have already been provided to Petitioner's counsel.

Respondent cites *Nooner v. Norris*, for the principle that "discovery does not have to be completed before a court can grant summary judgment," and that summary judgment is proper so long as the "nonmovant has had adequate time for discovery." 594 F.3d 592, 599 (8th Cir. 2010). The decision in *Nooner* is not controlling in this case because the inmates in the *Nooner* case did not request discovery for more than fourteen months after initiating their action and did not renew their

request for a continuance to obtain further discovery under Rule 56(f) when the motion for summary judgment in issue was filed. 594 F.3d at 600.

Respondent also relies on *Clemons v. Crawford*, 585 F.3d 1119 (8th Cir. 2009), for the proposition that "summary judgment is appropriate in this case and there is no need for Petitioner to conduct yet further discovery." That reliance is misplaced. The Eighth Circuit in *Clemons v. Crawford* was affirming the district court's grant of judgment on the pleadings and did not have to decide whether prisoners in that case had a basis to discover information relating to their executioners' backgrounds and qualifications. 585 F.3d at 1128. A motion for summary judgment, not a request for judgment on the pleadings, is before the Court. The question before this Court is what discovery is appropriate, not whether discovery is allowable.

Respondent cites to *Brewer v. Landrigan*, 131 S. Ct. 445 (2010), as support for his position that Moeller should not be allowed to engage in discovery concerning the plan for carrying out executions in light of the shortage of sodium thiopental. In the 5-4 one-paragraph decision in *Brewer v. Landrigan*, the Supreme Court vacated the district court in Arizona's Order Granting Motion for a Temporary Restraining Order enjoining the State of Arizona from executing a prisoner who shortly before his execution challenged the administration of sodium thiopental from a non-FDA approved source. The district court granted the Temporary Restraining Order to allow discovery on the issue of whether the foreign drug presented a substantial risk of serious harm. *See Landrigan v. Brewer*, 2010 WL 4269559 (D.Ariz.Oct. 25, 2010). The prisoner in *Landrigan* had not previously challenged Arizona's lethal injection protocol. In vacating the district court in Arizona's Order Granting Motion for a Temporary Restraining Order, the Supreme Court observed that the district court granted the restraining order because it was left to speculate as to the risk of harm. The Court further observed that there was no showing or offer of proof that the drug was unlawfully obtained. The Court held that the prisoner had not shown that the use of the drug is "'sure or very likely to cause serious illness and needless suffering.'" 131 S.Ct. 445 (citing *Baze v. Rees*, 553 U.S. 35, 50 (2008) (quoting *Helling v. McKinney*, 509 U.S. 25, 33 (1993)).

Moeller's case is significantly different from the prisoner's case in *Brewer v. Landrigan*, 131 S. Ct. 445 (2010). Moeller is requesting discovery in a 1983 action which has at its inception challenged South Dakota's lethal injection protocol. Moeller is not presenting a last-minute request

2

to stay his execution, and delays in the discovery have occurred to some degree because of change of counsel and changes in South Dakota's lethal injection protocol.[1] Unless Respondent presents a valid privilege or other documented and legally supported objection, the Court is not curtailing discovery in this matter and discovery will proceed under the Federal Rules of Civil Procedure.

This district's Civil Local Rules of Practice do not require a meeting or a report from the parties under FED.R. CIV. P. 26(f) since this is an action challenging a sentence. *See* D.S.D. Civ. LR 26.3. Given the nature of this action, however, the parties shall confer telephonically and develop a proposed discovery plan. Hopefully, this measure will be useful in ascertaining which requests duplicate earlier requests and whether material provided to former counsel has been forwarded to current counsel. In addition, the parties shall comply with D.S.D. Civ. LR 37.1 regarding discovery disputes.

IT IS SO ORDERED.

Dated this 25th day of January, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

---

[1] The Court notes that on January 22, 2011, both the New York Times and The Washington Post reported that the sole American manufacturer of sodium thiopental had announced on January 21, 2011, that it would no longer be producing the drug. The manufacturer had originally planned to resume production of this drug in 2011. *See* Erik Eckholm and Katie Zezima, *States Face Shortage of Key Lethal Injection Drug*, N.Y. TIMES, Jan. 22, 2011; Rob Stein, *Company to Stop Making Drug Commonly Used in Executions*, THE WASHINGTON POST, Jan. 22, 2011.

3