UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 2 2 2011

CLERK

```
******************************************************************************
                                    *
DONALD E. MOELLER,                  *       CIV. 04-4200
                                    *       MEMORANDUM OPINION AND
        Plaintiff,                  *       ORDER RE: MOTION FOR LEAVE
                                    *       TO AMEND COMPLAINT AND
    -vs-                            *       FOR JOINDER OF ADDITIONAL
                                    *       DEFENDANTS
DOUGLAS WEBER, Warden,              *
South Dakota State Penitentiary,    *
                                    *
        Defendant.                  *
                                    *
******************************************************************************
```

    Plaintiff Donald Moeller has moved the Court pursuant to Rules 15(a)(2), 19(a) and 20(a) of the Federal Rules of Civil Procedure for leave of Court to amend his Complaint and for joinder of additional defendants. Doc. 157. Defendant Weber resists the motion.

    On December 5, 2007, Mr. Moeller filed a Third Amended Petition for Writ of Habeas Corpus and a Complaint for Declaratory and Injunctive Relief. The Complaint for Declaratory and Injunctive Relief was based on alleged constitutional deficiencies and defects in South Dakota's death penalty statutes and protocol. On March 31, 2009, this Court severed Moeller's Section 1983 claims for declaratory and injunctive relief from the habeas petition and denied habeas relief. Doc. 105. After this Court denied Moeller's Rule 59(e) motion, Moeller appealed the denial of habeas relief to the Eighth Circuit Court of Appeals. That appeal is pending. Moeller's motion seeks joinder of defendants and the amendment of his claim for declaratory and injunctive relief under 42 U.S.C. § 1983.

    Moeller points out that since the filing of his Section 1983 Complaint in 2007, South Dakota's death penalty protocol has been amended at least once, the only United States Federal Drug Administration approved source of sodium thiopental ceased production of the drug, and new counsel replaced Moeller's prior counsel. In addition, the death penalty statute in issue has been revised at least once. Defendant contends that since this Court severed the Section 1983 claims from the habeas

claim the motion to amend should be denied and that Moeller should be ordered to file his proposed amended complaint as a new and independent cause of action. Defendant also contends that the Court may lack jurisdiction to allow and consider an amended complaint since the habeas cause of action is on appeal. Moeller points out that both parties have already amended the caption of the case to reflect that Moeller is a plaintiff and not a petitioner, and that Warden Weber is a defendant and not a respondent. This measure and identifying the title of the document as amending the cause of action for declaratory and injunctive relief suffice to remedy any clerical record clarity concerns that exist at this time.

Prior to the time the habeas cause of action was severed from the cause of action for declaratory and injunctive relief, both parties supported severance of the two causes of action. Doc. 103. Severance was both advisable and allowable under FED. R. CIV. P. 21. A single claim, severed from a lawsuit, proceeds as a discrete, independent action over which a the trial court may render a final, appealable judgment, and the unresolved claims continue to exist in the remaining action. *E.S. v. Independent School Dist., No. 196, Rosemount-Apple Vallley-Egan v. Johnson*, 135 F.3d 566, 569 (8th Cir. 1998). Amending the remaining cause of action in this case will not jeopardize the Court's exercise of jurisdiction over that claim.

Federal Rule of Civil Procedure 15(a) provides that the district court "should freely give leave [to amend pleadings] when justice so requires." Whether to grant a motion for leave to amend is within the sound discretion of the court. *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255 (8th Cir. 1992) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d (1962)). Factors a court should take into consideration in evaluating a motion to amend include whether the amendment would unduly prejudice the non-moving party or would be futile. *See McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) (citing *Kozohorsky v. Harmon*, 332 F.3d 1141, 1144 (8th Cir. 2003)).

Federal Rule of Civil Procedure 19 provides for required joinder of parties when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest;

>> or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Federal Rule of Civil Procedure 20 allows for permissive joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Defendant contends that the South Dakota Department of Corrections, a proposed new defendant in Moeller's proposed amended cause of action, is not a party which should be joined in this action because it is not a person for the purpose of 42 U.S.C. § 1983 and is not a proper defendant in this cause of action. This Court agrees. In *Ex parte Young*, 209 U. S. 123 (1908), the Supreme Court established an important limit on the sovereign-immunity principle that absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State. The *Ex parte Young* doctrine provides that because an unconstitutional legislative enactment is "void," a state official who enforces an unconstitutional legislative enactment "comes into conflict with the superior authority of [the] Constitution," and therefore is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct. The State has no power to impart to him any immunity from responsibility to the supreme authority of the United States." 209 U. S., at 159–160. Recently the Supreme Court held that the *Ex parte Young* doctrine allows a federal court to hear a case seeking prospective relief against state officials brought by another agency of the same State. *See Virginia Office for Protection and Advocacy v. Stewart*, ___ S.Ct.___, 2011 WL 1466121 (April 19, 2011). In that case the Supreme Court reiterated the limitations of the doctrine when it stated that the *Ex Parte Young* doctrine "rests on the premise—less delicately called a 'fiction,'... —that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes. The doctrine is limited to that precise situation, and does not apply 'when "the state is the real, substantial party in interest."'" 20111 WL 1466121 at *6 (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 107 (1984)(quoting *Ford Motor*

3

*Co. v. Department of Treasury of Ind.*, 323 U.S. 459, 464 (1945)). The *Ex parte Young* doctrine does not apply to a state or its agencies, *see Nix v. Norman*, 879 F.2d 429, 432 (8th Cir. 1989), and there is no evidence of the State waiving its immunity in this case. Therefore, it would be futile to allow an amendment of the Section 1983 claim to include the addition of the South Dakota Department of Corrections as a defendant. That portion of the motion for leave to amend is denied.

Defendant also contends that the remaining proposed new defendants are not necessary parties and that Moeller's motion should be denied on that basis. After reviewing the contents of Moeller's proposed amended cause of action and the requirements of FED. R. CIV. P. 20, the Court concludes that the remaining proposed new defendants would be appropriately joined under the permissive joinder statute. The Court further concludes after reviewing the proposed amendments and after considering the changes which have taken place since the original cause of action for declaratory and injunctive relief was filed, that the interests of justice support granting leave to amend as set forth in this memorandum opinion. Defendant can then assert any challenges and defenses it may have with regard to the amended pleadings.

IT IS SO ORDERED.

Dated this 22nd day of April, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
DEPUTY