FILED

JUL 1 2 2012


CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DONALD E. MOELLER, | CIV. 04-4200 |
| Plaintiff, | |
| -vs- | ORDER RE: PRODUCTION OF INFORMATION CONCERNING LETHAL INJECTION DRUG |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the South Dakota Department of Corrections in his official capacity, and DOES 1-20, unknown employees or agents of the South Dakota Department of Corrections, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are a number of motions for protective orders (Doc. 162, 212) filed by Defendants and motions to compel discovery filed by Plaintiff (Doc. 175, 194) in this action under 42 U.S.C. § 1983 for declaratory and injunctive relief concerning South Dakota's lethal injection protocol. The Court has granted Defendants' requests for protective orders with regard to prohibiting disclosure of the identity of people on execution teams. Doc. 92 and 188. Discovery has been conducted, and at one point Plaintiff moved this Court to hold his initial Motion to Compel in abeyance after the parties conferred by telephone and it appeared supplemental discovery would be received from the Defendants. Doc. 180. A number of issues have not be resolved, however, and Plaintiff contends that this Court must compel discovery on certain matters in which the Defendants have refused to comply with his requests, and that summary judgment cannot be entered against him without discovery on relevant matters. Both parties have sought relief concerning discovery of the acquisition of lethal injection drugs. Some of these issues have been resolved. For instance, the

Department of Corrections disclosed the source of its current sodium thiopental stock after the manufacturer disclosed itself in the Wall Street Journal.

As the Defendants now contend that Moeller will be executed using the one-drug pentobarbital protocol, the Court will focus on the discovery issues concerning pentobarbital. Moeller seeks information regarding the source of the pentobarbital, how and when it was acquired, its location and storage, and the manufacturer's instructions for the drug. In addition to resisting discovery on the ground of relevancy, Defendants have contended that revealing the sources and suppliers of lethal injection drugs subjects them to threats and harassment by death penalty opponents. Defendants have further contended that revealing the storage and location of the drug may create security problems within the penitentiary.

The requested discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). However, the Defendants have presented valid reasons to restrict the requested discovery. In moving for a protective order, the Defendants have suggested making *in camera* disclosures to the Court. The Court believes that an *in camera* inspection of the requested discovery materials concerning pentobarbital would be useful and would allow the Court to determine whether some information may be redacted and whether other information may be provided to counsel for Moeller under conditions that will ensure that the pentobarbital sources and suppliers not be harassed and that the security of the penitentiary not be compromised. Accordingly,

> IT IS HEREBY ORDERED that within one week of the date of this Order, counsel for the Defendants provide to the Court the manufacturer's instruction for the pentobarbital it intends to use in Moeller's execution as well as the other information concerning the pentobarbital that Moeller has sought in discovery.

Dated this 12th day of July, 2011.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/
  DEPUTY

2