

FILED
JUL 2 7 2012

*******************************************************************************

| | | |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| Plaintiff, | * | |
| | * | ORDER RE: DISCOVERY |
| -vs- | * | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the South Dakota Department of Corrections in his official capacity, and DOES 1-20, unknown employees or agents of the South Dakota Department of Corrections, | * | |
| Defendants. | * | |

*******************************************************************************

On July 12, 2012, this Court ordered the Defendants to provide an *in camera* disclosure of the manufacturer's instruction for the pentobarbital the State of South Dakota intends to use in Moeller's execution as well as other information concerning the pentobarbital that Moeller has sought in discovery. The Court advised that the *in camera* inspection of the requested discovery materials concerning pentobarbital would allow the Court to determine whether some information may be redacted and whether other information may be provided to counsel for Moeller under specified conditions. Doc. 280.

After the Court issued its July 12, 2012 Order for the *in camera* disclosure, counsel for Moeller filed a document entitled "Supplement to Motions to Compel" in which Moeller challenged the Defendants' assertion that Moeller will be executed using the one-drug pentobarbital protocol. Doc. 281. In challenging this assertion, Moeller relies upon a public statement made by South Dakota's Attorney General that South Dakota has sodium thiopental as well as pentobarbital in its inventory. Moeller also bases his challenge to Defendant's assertion that the State will utilize the

one-drug pentobarbital protocol on the South Dakota Attorney General's resistance to the Food and Drug Administration's request that South Dakota return any foreign-manufactured thiopental in its possession. Moeller thus urges the Court to grant his Motions to Compel with respect to outstanding discovery relating to the State's supply of sodium thiopental.

The Defendants have responded to Moeller's Supplement to Motions to Compel by stating that the South Dakota Attorney General's statement simply meant that South Dakota has sodium thiopental in its inventory, not that it intends to use the sodium thiopental in Moeller's execution. The Defendants further state, "This court can compel the state to use pentobarbital in an injunction setting conditions for Moeller's execution." Doc. 282. In Warden Douglas Weber's Affidavit of February 10, 2012, the Warden states, "While the October 13, 2011 Protocol retains three- and two-drug options utilizing sodium thiopental, those exist purely as backup procedures should a future pentobarbital shortage require the DOC to revert to those earlier procedures." Warden Weber asserted that on October 13, 2011, he revised the death penalty protocol to provide for a one-drug, pentobarbital protocol for all prospective executions, including Moeller's and that the Department of Corrections possessed a stock of pentobarbital with a shelf life extending into 2015. Doc 253, Ex. 3.

In their brief in support of partial summary judgment, Defendants have represented that "South Dakota has promulgated a one-drug, pentobarbital method of execution policy that is substantially similar to the protocol approved in [*Baze v. Rees*, 553 U.S. 35 (2008)] and humane, according to Moeller's own expert. ... With this protocol in place, Moeller cannot now realistically complain of a constitutionally significant risk of anesthetic maladministration." Doc. 249, p. 10. The Court considers the representations that Moeller will be executed with a one-drug, pentobarbital method to have been made in good faith and considers the Defendants bound by these representations. While the voluntary cessation of challenged conduct does not necessarily render a case moot, *see Knox v. Service Employees Intern. Union, Local 1000*, 132 S.Ct. 2277, 2287 (2012), in the case at hand it does negate the need for further discovery on the use of sodium thiopental with regard to Moeller's planned execution. Moeller's Motions to Compel with respect to outstanding discovery relating to the State's supply of sodium thiopental are therefore denied.

Moeller has also filed objections to Defendants' letter response to this Court's July 12, 2012

Order for the *in camera* disclosure. Doc. 238. Moeller contends that Defendants have not provided all the information contemplated in the July 12, 2012 Order for the *in camera* disclosure. From the *in camera* inspection, the Court will provide relevant information to Moeller's counsel of record in this lawsuit, but not Moeller himself, regarding the manufacturer, the supplier, and the manufacturer's instructions.

Now that the protocol for Moeller's scheduled execution has been determined, the Court concludes that other information regarding the pentobarbital protocol to be used in Moeller's execution may be obtained through depositions of the persons involved in storing, preparing and administering the pentobarbital in Moeller's scheduled execution. The Court has previously granted protective orders prohibiting disclosure of the identity of persons on execution teams. Doc. 92 and 188. The Court still maintains that the identities of these persons should not be disclosed. However, the Court authorizes counsel for Moeller to depose by telephone those members of the execution team involved in storing, preparing and administering the pentobarbital in Moeller's scheduled execution. Those members of the execution team can be identified by number, and counsel is prohibited from eliciting information regarding the names, ages and addresses of these individuals. Accordingly,

IT IS HEREBY ORDERED:

1. That Moeller's Motions to Compel with respect to outstanding discovery relating to the State's supply of sodium thiopental are denied;

2. That counsel for Moeller may depose by telephone those members of the execution team involved in storing, preparing and administering the pentobarbital in Moeller's scheduled execution. During the deposition process the members of the execution team shall be identified by number, and counsel is prohibited from eliciting information regarding the names, ages and addresses of the individuals deposed. Any information obtained during the depositions regarding the source of the execution drugs or the location of the execution drugs within the penitentiary will not be disclosed to Moeller or any persons other than counsel of record in this lawsuit;

3. That the telephone depositions referenced in this order shall be completed by August 15, 2012;

4. That Moeller shall have until August 31, 2012, to supplement his pleadings based on the

information received from the Court regarding the *in camera* disclosure concerning phenobarbital and deposition testimony of the execution team members;

5. That Defendants shall have until September 14, 2012, to respond to Moeller's supplement to his pleadings; and

6. That Moeller shall have until September 25, 2012, to reply to the Defendants' response to the supplement to his pleadings.

Dated this 27th day of July, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahl
DEPUTY

4