UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

*******************************************************************

| | | |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| | * | |
| Plaintiff, | * | |
| | * | ORDER RE: DISCLOSURE |
| -vs- | * | OF PENTOBARBITAL INFORMATION |
| | * | |
| DOUGLAS WEBER, Warden, | * | |
| South Dakota State Penitentiary, | * | |
| DENNIS KAEMINGK, Secretary of | * | |
| the South Dakota Department of | * | |
| Corrections in his official capacity, | * | |
| and DOES 1-20, unknown employees or | * | |
| agents of the South Dakota Department | * | |
| of Corrections, | * | |
| | * | |
| Defendants. | * | |

*******************************************************************

On July 12, 2012 this Court ordered that within one week counsel for the Defendants were to provide to the Court for an *in camera* inspection the manufacturer's instruction for the pentobarbital the State of South Dakota intends to use in Moeller's execution as well as the other information concerning the pentobarbital that Moeller had sought in discovery. The Court advised that after inspecting the materials *in camera*, it would determine the conditions under which some or all of the information would be provided to counsel for Moeller.

In a letter dated July 18, 2012, which is filed under seal in Document 284, counsel for Defendants identified the five items they had provided the Court for its *in camera* inspection. In the letter of July 18, 2012, counsel for Defendants state: "Defendants do not believe any further disclosures, redacted or otherwise, can be made without providing clues that plaintiffs counselor others may use, in combination with other information in their data bases, to identify the manufacturer." Counsel for Moeller have responded that they have always been amenable to

following any protective order the Court finds appropriate to protect the identity of the manufacturer and supplier of the pentobarbital the State of South Dakota intends to use in Moeller's execution. Doc. 283.

After reviewing the materials provided in the *in camera* inspection, the Court concludes that the same are relevant to the issues before the Court and that there are no practical means of fully redacting or restructuring the materials. The Court, however, concludes that the Defendants' concerns regarding the need to protect the identity of the manufacturer and supplier of the pentobarbital are valid and necessitate a protective order. The materials will be provided to counsel for Moeller in the form of photocopied exhibits corresponding to the lettered items in the correspondence dated July 18, 2012, on the conditions that only counsel for Moeller in this litigation, not Moeller himself, will have access to the pentobarbital materials and counsel for Moeller is prohibited from disclosing information regarding the pentobarbital materials to any other person other than the Court and counsel for Defendants or witnesses to be deposed in telephone depositions and for no purpose other than the representation of Moeller in this action. Items A, B, C, D and E are provided to counsel for Moeller with the exception that the first page of Item A is deleted as that identifies the location of the compounding pharmacy. The qualifications of the compounding pharmacy is a proper item of discovery, but not the specific identity or location of the compounding pharmacy. All pleadings that in any way identity the manufacturer and supplier of the pentobarbital the State of South Dakota intends to use in Moeller's execution will be filed under seal.

IT IS SO ORDERED.
Dated this 26th day of July, 2012.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Summer Wahpi
DEPUTY

2