No. 04-4200

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

DONNA NICHOLS ex rel.
DONALD MOELLER,

Plaintiff,

v.

DOUGLAS WEBER et al.,

Defendants.

## MOTION FOR STAY OF EXECUTION

Donna Nichols, as next friend of Donald Moeller, respectfully moves this Honorable Court to stay Mr. Moeller's execution, which is scheduled for the week of October 28, 2012 through November 3, 2012. In support of this Motion, undersigned counsel states:

1. This Court has affirmed Mr. Moeller's voluntary dismissal of this method-of-execution challenge and has held that Mr. Moeller is competent to make, and did make, a voluntary decision to terminate this litigation.

2. However, for the reasons stated in *Ford v. Haley*, 179 F.3d 1342 (11th Cir. 1999), *vacated by* 195 F.3d 603, 624 (1999), a next friend such as Ms. Nichols has standing at least for the limited purpose of taking an appeal from this

Court's rulings and seeking a stay of execution to permit such an appeal to proceed.

3. Furthermore, while the undersigned appreciates the Court's position that Mr. Moeller does not require any next friend and that this litigation is at an end, Federal Rule of Appellate Procedure 8 nevertheless requires Ms. Nichols to seek a stay of execution in this Court before seeking such relief in the Court of Appeals. Accordingly, Ms. Nichols is moving this Court to stay Mr. Moeller's execution.

4. "[L]ike other stay applicants, inmates seeking time to challenge the manner in which the State plans to execute them must satisfy all the requirements for a stay, including showing a significant possibility of success on the merits." *Hill v. McDonough*, 547 U.S. 573, 584 (2006). In addition to taking into account the likelihood of success on the merits, a court considering a stay application must take into account the extent to which the stay applicant will be irreparably injured absent a stay, the extent to which the State and the public would be injured by the issuance of a stay, *Nken v. Holder*, 556 U.S. 418, 434–36 (2009), and the extent to which the stay applicant has delayed unnecessarily in bringing the claim, *Nelson v. Campbell*, 541 U.S. 637, 649–50 (2004), in determining whether to exercise its equitable authority to grant a stay.

5. Here, there is a significant possibility of success both on the appeal from this Court's affirmance of the voluntary dismissal in this case and on the underlying merits of the case, and the balance of the equities also favor granting a stay of execution.

6. Regarding the likelihood of success on the appeal from this Court's affirmance of the voluntary dismissal, then-counsel for Mr. Moeller has made a strong showing that Mr. Moeller's psychological vulnerabilities and conditions of confinement rendered his dismissal of this action involuntary. Furthermore, then-counsel for Mr. Moeller has made a strong showing that this Court committed procedural error by resolving the validity of Mr. Moeller's voluntary dismissal without providing them a fair opportunity to present live testimony from Dr. Craig Haney, Dr. David Lisak, and Dr. Semmerling regarding Mr. Moeller's conditions of confinement and their effect on his mental condition. Based on the arguments and authorities set forth in the Second Amended Emergency Motion to Strike [Doc. 357], the Emergency Motion for Appointment of Guardian [Doc. 361], and counsel's arguments to the Court at the hearing on those motions [Doc. 373], there is a significant possibility that an appeal of this Court's affirmance of the voluntary dismissal will succeed.

7. Furthermore, there is a reasonable possibility that Mr. Moeller would

succeed on the merits of this case if it were reopened. Due to this Court's protective order, the undersigned does not have access to all the relevant filings in this matter. However, the undersigned respectfully requests that the Court take judicial notice of the following filings and the exhibits attached in support thereof: Cross-Motion for Summary Judgment [Doc. 234], Second Amended Complaint [Doc. 247], Response to Motion to Dismiss and for Summary Judgment [Doc. 263], Response to Statement of Material Facts [Doc. 264], Statement of Disputed Material Facts [Doc. 265], Supplement to Response to Motion to Dismiss and for Summary Judgment [Doc. 270], Supplement to Cross-Motion for Summary Judgment [Doc. 271], Supplement re 270 Supplement [Doc. 272], Supplement re 271 Supplement [Doc. 273], Notice of Supplemental Authority [Doc. 277], Supplement to Amended Complaint [Doc. 326], Supplemental Cross-Motion for Summary Judgment [Doc. 327 & Doc. 328], Motion to Strike [Doc. 333], Motion to Deem Facts Admitted [Doc. 334], Reply to Supplemental Brief [Doc. 335], Reply to Response to Motion to Deem Material Facts Admitted [Doc. 352], Motion to Strike Untimely Exhibits [Doc. 362], and Reply Brief re 333 [Doc. 363]. On information and belief, the undersigned contends that the arguments, authorities, and evidence contained therein show a significant possibility of success on the merits of the underlying claims in this case.

8. Moreover, given that then-counsel for Mr. Moeller claimed violations of Mr. Moeller's federal constitutional rights, and given a strong likelihood of success both on the appeal from this Court's affirmance of the voluntary dismissal and on the merits of those claims, a strong showing has been made that Mr. Moeller would be irreparably harmed absent a stay. *See, e.g.*, *Obama for America v. Husted*, --- F.3d ----, 2012 WL 4753397, *12 (6th Cir.) ("When constitutional rights are threatened or impaired, irreparable injury is presumed."); *Opulent Life Church v. City of Holly Springs,* --- F.3d ----, 2012 WL 4458234, *12 (5th Cir.) ("'When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary.'") (quoting 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948.1 (2d ed. 1995)); *Marcus v. Iowa Public Television*, 97 F.3d 1137, 1140 (8th Cir. 1996) (deprivation of First Amendment rights constitutes irreparable harm); *Planned Parenthood of Minnesota v. Citizens for Community Action*, 558 F.2d 861, 867 (8th Cir. 1977) (showing of interference with constitutional rights supports a finding of irreparable injury). In any case, given that Mr. Moeller will be put to death in the event that a stay is denied, it seems indisputable that denying a stay "would impair the court's ability to grant an effective remedy" for the violation of Mr. Moeller's constitutional rights. 11A

Charles Alan Wright, *supra*, § 2948.1.

9. In addition, the harm to the State and to the public from the delay that a stay of execution would cause is limited given that this case is already well-advanced and could be finally resolved within a matter of months. And, the State and the public themselves have a strong interest in ensuring that death sentences carried out in their name comport with our fundamental law.

10. Finally, there is no indication whatsoever that Mr. Moeller unnecessarily delayed in bringing this lawsuit. Mr. Moeller first brought this challenge to his method of execution more than six years ago, long before any execution date was imminent.

WHEREFORE, a stay of execution pending the appeal in this matter should be granted.

Dated this 18th day of October 2012.

Respectfully submitted,

/s/ Robert W. Van Norman

Robert W. Van Norman
Nooney Solay & Norman, LLP
632 Main Street
P.O. Box 8030
Rapid City, SD 57709
Phone: 605-721-5846
Fax: 605-721-5867
rvanlawyer@yahoo.com

Counsel for Donna Nichols

CERTIFICATE OF SERVICE

I hereby certify that, on October 18, 2012, I served the foregoing Notice of Appeal on the following by U.S. Mail, first-class postage prepaid:

Mark F. Marshall
Bangs, McCullen, Butler, Foye & Simmons
PO Box 2670
Rapid City, SD 57709

Paul S. Swedlund
Attorney General of South Dakota
1302 E. Highway 14
Suite 1
Pierre, SD 57501-8501

/s/ Robert W. Van Norman
Robert W. Van Norman