FILED
OCT 23 2012
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DONALD E. MOELLER, | * | CIV. 04-4200 |
| | * | |
| Plaintiff, | * | MEMORANDUM OPINION AND |
| | * | ORDER RE: MOTION |
| -vs- | * | FOR STAY OF EXECUTION |
| | * | |
| DOUGLAS WEBER, Warden, | * | |
| South Dakota State Penitentiary, | * | |
| DENNIS KAEMINGK, Secretary of | * | |
| the South Dakota Department of | * | |
| Corrections in his official capacity, | * | |
| and DOES 1-20, unknown employees or | * | |
| agents of the South Dakota Department | * | |
| of Corrections, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After counsel for Defendants and Attorney Mark F. Marshall, on behalf of Moeller, filed a stipulation for dismissal of Moeller's § 1983 civil rights action pursuant to Fed. R. Civ. P. 41(a)(l)(A)(ii) (Doc. 353), appointed counsel from the Arkansas Federal Public Defender's Office for Moeller then filed emergency motions to strike and vacate the stipulation for dismissal (Doc. 354, 355, 357, 364), and a motion for appointment of Agnes Becker as next friend or guardian ad litem (Doc. 361). The Court held a hearing on these matters on October 4, 2012. The Court then issued a Memorandum Opinion and Order denying the motions to strike and vacate the Fed. R. Civ. P. 41(a)(l)(A)(ii) stipulation for dismissal and denying the motion for appointment of Agnes Becker as next friend or guardian ad litem. Doc. 374.

On October 18, 2012, Donna Nichols, purporting to act as next friend of Donald Moeller filed a notice of appeal to challenge this court's mental competency rulings and moved this Court to stay Moeller's execution. Doc. 381, 383. Both Moeller and the Defendants are resisting this motion to stay execution. Doc. 388, 389.

In resisting the motion for stay of execution, Moeller contends that a Stipulation of Dismissal pursuant to Fed. R. Civ.P. 41(a)(1)(A)(ii) is self-executing and not subject to appeal. Moeller further contends that no third person has standing to challenge such a stipulation. In denying the motions

to strike and vacate the Fed. R. Civ. P. 41(a)(l)(A)(ii) stipulation for dismissal and denying the motion for appointment of Agnes Becker as next friend or guardian ad litem, this Court ruled that the Stipulation for Dismissal should operate as contemplated under Fed. R. Civ. P. 41 (a)( 1 )(A)(ii). However, in determining the competency issue this Court relied upon its inherent power to look behind a stipulation to dismiss to determine whether there has been improper conduct which gave rise to the stipulation and to make certain that the stipulation of dismissal was voluntary. *See* Amended Memorandum Opinion and Order Re: Rule 41(a)(l)(A)(ii) Stipulation, p. 2. The appellate courts likewise have authority to review determinations of competency. *See Ford v. Haley*, 195 F.3d 603, 624 (1999) (holding that district court's competency findings were supported by substantial evidence in action where convicted murderer sought to dismiss his habeas petition).[1]

In moving to stay Moeller's scheduled execution Ms. Nichols is attempting to enjoin the State from carrying out the scheduled execution and rendering the appeal moot before the Eighth Circuit can decide the appeal. Under Rule 8(a)(1) of the Federal Rules of Appellate Procedure, a party must ordinarily move first in the district court to obtain such relief. However, in order to obtain this relief, Ms. Nichols must establish the requisite standing as "next friend." The Supreme Court has observed that "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). To establish standing as "next friend" requires providing an adequate explanation, such as mental incompetence, for why the real party in interest cannot appear on his own behalf to prosecute his action. In addition, establishing standing as "next friend" requires a showing that the "next friend" is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*. The burden is on Ms. Nichols as "next friend" to establish the propriety of her status and thereby justify the jurisdiction of this Court. *Whitmore v. Arkansas*, 495 U.S. at 164.

*Whether Moeller is Competent to Prosecute and Dismiss his Own Action?*

Ms. Nichols can establish standing and justify this Court exercising jurisdiction over the motion to stay execution, only if it is demonstrated that Donald Moeller is unable to seek relief on his own behalf. *Gilmore v. Utah*, 429 U.S. 1012, 1014 (1976). In its October 10, 2012 Memorandum

---

[1] *See also Randall v. Merrill Lynch*, 820 F.2d 1317 (D.C. Cir. 1987) (holding that district court had the power under Rule 60(b) to vacate a voluntary dismissal under Rule 41(a)(1)(i) and rejecting argument that voluntary dismissal is not only automatic but also irreversible).

Opinion and Order Re: Rule 41(a)(l)(A)(ii) Stipulation this Court found that Moeller had the capacity to appreciate his position of dismissing his § 1983 civil rights lawsuit and that he was making a rational choice with regard to abandoning that litigation. The Court found that Donald Moeller was suffering from no mental disease, disorder, or defect which might significantly affect his capacity to comprehend the consequences of and to make the decision to abandon further litigation. Despite the representations of Ms. Nichol's attorney, the record to date does not support the finding that Donald Moeller is incompetent to assert his rights and appeal from the October 10, 2012 Memorandum Opinion and Order.

Neither Ms. Nichol's original affidavit (Doc. 383, Ex. 1), nor her supplemental affidavit (Doc. 399), filed today, subsequent to the hearing which she did not attend, support a finding that Moeller is incompetent to pursue a stay of execution or otherwise act on his own behalf. The affidavits merely support a finding that Ms. Nichols and her mother disagree with Moeller's decision not to pursue his § 1983 civil rights lawsuit and that they have concerns that he is not making an informed decision. Ms. Nichols' most recent affidavit provides no details to support her statement that her mother "is concerned that Don's mental state has deteriorated causing him to end his appeals and be executed."

Dr. Lisak's supplemental affidavit simply states that he was not asked to evaluate Moeller's competency or sanity before his interview of Moeller in August of 2011, and that he has not rendered an opinion on Moeller's competency or sanity. Doc. 400-1. No persuasive evidence has been presented that undermines a finding of Moeller's competency. The determination of Moeller's competency finds substantial support in Moeller's courtroom testimony and demeanor and in the affidavit of the correctional behavioral therapist for the South Dakota Department of Social Services. Doc. 396. Ms. Nichol has failed to meet her burden of showing that Moeller is incompetent to appear on his own behalf to take any legal action he deems necessary in this § 1983 action.

*Whether Ms. Nichols is truly dedicated to the best interests of Donald Moeller?*

Donald Moeller, once he was able to speak directly for himself at the hearings on October 4, 2012, and October 22, 2012, and through his counsel of choice, Mr. Marshall, has demonstrated his continuing desire to terminate what remains of this lawsuit which began in 2004. The habeas corpus action claims dealing with guilt or innocence have been adjudicated by this Court, examined by the Eighth Circuit Court of Appeals, and certiorari was then denied by the United States Supreme Court. Donald Moeller has clearly articulated his reasons for dismissing his remaining § 1983 claims.

3

Although Ms. Nichols' concern for Moeller may be genuine, her disagreement with his decision to not oppose his execution does not establish that she is truly dedicated to his best interests. As this Court noted in its October 10, 2012 Memorandum Opinion, "Adhering to a defendant's choice to seek the death penalty honors the last vestiges of personal dignity available to such a defendant." *Chapman v. Commonwealth*, 265 S. W.3d 156. 175-176 (Ky. 2007).

This Court further examines whether Ms. Nichols has a sufficient relationship with Moeller to act as next friend. *See Smith ex rel. Missouri Public Defender Comm'n v. Armontrout*, 812 F.2d 1050, 1053 (8th Cir. 1987), *cited in Whitmore v. Arkansas*, 495 U.S at 163-164. Moeller claims that he has only seen Ms. Nichols maybe four times in the last five years. In her most recent affidavit, Ms. Nichols admits she has not visited Moeller since the fall of 2011. Ms. Nichols is not directly related to Moeller by either blood or law. Moeller explained at the hearing on October 22, 2012, "So there's no blood, no real connection there at all." More importantly, with regard to both persons who have sought next friend status, Moeller explained, "They are not my friends, because they know my position." Ms. Nichols has failed to establish the propriety of her status to act as next friend on a motion to stay Moeller's execution.

This Court had jurisdiction to consider Ms. Nichols' request for a stay of execution. Ms. Nichols has failed to demonstrate either Moeller's incompetency or the propriety of her status sufficient to establish standing as next friend. This Court, therefore, does not have the requisite basis for jurisdiction to further act upon the motion to stay execution. Accordingly,

> IT IS HEREBY ORDERED that the Motion for Stay of Execution (Doc. 381) is denied as there is no further jurisdiction now that the inquiry into Ms. Nichols' Motion for Stay of Execution is finished and the Motion found to be without merit.

Dated this 23rd day of October, 2012.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: _____
     DEPUTY