# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONALD MOELLER,** | |
| *Plaintiff,* | |
| v. | CIV 04-4200 |
| **DOUGLAS WEBER,** Warden, South Dakota State Penitentiary, **DENNIS KAEMINGK,** Secretary of the South Dakota Department of Corrections in his official capacity, and **DOES 1-20,** unknown employees or agents of the South Dakota Department of Corrections, | |
| *Defendants.* | |

## DEFENDANTS' RESPONSE TO MOTION TO UNSEAL [DOCKET 408]

Defendants Douglas Weber, Dennis Kaemingk, and Does 1-20, by and through their counsel, Paul S. Swedlund, Assistant Attorney General for the State of South Dakota, file this response to the American Civil Liberties Union's (ACLU) motion to unseal certain docket items. The state does not oppose the motion in general principal, but believes it may be granted only with certain court-ordered protections.

The state recognizes that capital punishment is a matter of public interest. While the practice of blanket sealing pleadings probably served the important short-term function of providing prompt, uninhibited disclosure to the court during heated litigation, the termination of that litigation permits the parties to serve the public's interest in transparency through the calm redaction of protected information. The public's interest in the method and manner of state executions must be balanced against the state's,

and the public's, interest, as determined by the legislature, in carrying out capital sentences, and the interests of third parties involved in performing the sentences to be free from undue harassment.

The information at issue is protected by state statute (SDCL 23A-27A-31.2), state administrative law (SDDOC 1.3.D.3), and this court's orders (DOCKETS 92, 188, 285, 286). That information is (1) the name of, or identifying information concerning, the execution team members who establish the IV lines and who administer the injection; (2) the name of, or identifying information concerning, any pharmacist who supplies or prepares lethal injection drugs; and (3) the name of, or identifying information concerning, the manufacturer, supplier, or seller of lethal injection drugs.

Defendants believe the filings and exhibits that are the subject of the ACLU's motion can be unsealed if (A) the foregoing three information items are first redacted, (B) the transcripts of the depositions of Deponents # 1, # 2, # 3, and # 4 remain under seal, and (C) all manufacturer/supplier documentation, including photos of product, also remains under seal. The defendants suggest the following procedure for carrying this out.

With respect to Item A, because the AFPDO is promoting the unsealing of the filings (and since the bulk of the documents are AFPDO filings that unnecessarily named names even after the defendants asked the AFPDO to substitute actual names for euphemisms like "manufacturer/supplier"), it should print out a complete set of the filings and exhibits in issue and redact any and all references therein to the foregoing three information Items 1-3 consistent with Conditions A-C above. The AFPDO will then supply the redacted hard copies to the Attorney General's office, indexed according to

the Clerk of the Court's docket numbers. The Attorney General will review the AFPDO-supplied documents and make such further redactions as are necessary. The Attorney General's office will then supply the redacted hard copies to the Clerk of the Court for the court's final review. The clerk's master set will become the only publicly-accessible version of the sealed documents; no person or entity subject to the protective order may thereafter disclose the unsealed documents, even if redacted, to any person not subject to the protective orders. Creating a publicly-accessible master set on file with the Clerk will protect against "inadvertent" disclosure of sealed documents that may not have been properly redacted. All public disclosure of the unsealed documents must occur through the clerk's office and neither the AFPDO, the Attorney General, or any person subject to the protective orders would be permitted to disseminate unsealed documents to persons not subject to the protective order unless the document bears the CM/ECF identification showing that it originated from the Clerk of the Court's master set.

With respect to Item B, the deposition transcripts of Deponents # 1, # 2, # 3, and # 4 must remain under seal. These depositions were taken, and the deponents agreed to submit to the depositions, based on the assurance that the transcripts thereof would be sealed. To unseal the deposition transcripts after-the-fact would breach assurances of confidentiality that induced the deponents to participate. Furthermore, there is reason to believe that the AFPDO essentially hijacked this court's subpoena powers to conduct these depositions. These depositions would never have been taken had the AFPDO abided by Rule 1.2 in January of 2012 and terminated Moeller's litigation as he had instructed. Instead, the AFPDO conducted discovery on the false pretense of continuing to represent Moeller long after they should have informed the court that

Moeller neither desired their services nor condoned their strategies and tactics. The AFPDO should not be permitted, through their surrogates at the ACLU, to compromise the privacy of protected persons through discovery obtained by illegitimate means. To the extent unsealed briefing cites to deposition testimony, the state believes those limited references will not compromise the deponents. If the state locates any problematic deposition citations in the brief, it will recommend isolated, individual redactions for the court's review and determination. The public's interest in the qualifications of execution personnel can be adequately served by access to the briefing with limited redactions as necessary.

With respect to Item C, the state is concerned that even redacted copies of the manufacturer's testing/mixing instructions will provide ready clues that will ultimately lead to the identification of the manufacturer/supplier and pharmacy. One would only need to employ a pharmacist to procure a bottle of pentobarbital sodium and associated testing and instruction forms from the finite number of pentobarbital sodium suppliers in the market and compare the redacted, unsealed forms and photos to the forms procured from various suppliers to locate a match. This would identify the supplier and, in turn, readily lead to identifying the pharmacy. The court's order [DOCKET 286] allowed the AFPDO to see the original testing and instruction forms and photos only because the AFPDO represented that it was amenable to following a protective order. That representation was questionable, but the fact is that no *public* person who receives the redacted original documents will be similarly constrained. Not even redaction of the manufacturer/supplier's documents and forms will protect it or the pharmacy. All manufacturer/supplier documentation simply must remain sealed. Defendants have

previously publicly disclosed redacted copies of the independent lab testing of the manufacturer/supplier's product, which will serve to inform the public that the drug in question met USP standards.

Subject to the foregoing suggested caveats, defendants believe that the public's interest in state-performed lethal injection executions can be balanced against the privacy interests of third parties. Defendants will alert the court to any further concerns that arise during the state's redaction process should it later learn that the foregoing framework is not sufficient to shield protected information. The court can then review and determine the legitimacy of any such further concerns.

Dated this 1st day of November 2012.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

Paul S. Swedlund
ASSISTANT ATTORNEY GENERAL
paul.swedlund@state.sd.us
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of November 2012 a copy of the foregoing response to motion to unseal was served on the ACLU and Mark Marshall via the CM/ECF electronic filing system.



Paul S. Swedlund