FILED

NOV 0 5 2012


CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| DONALD E. MOELLER, | \* | CIV 04-4200 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the South Dakota Department of Corrections in his official capacity, and DOES 1-20, unknown employees or agents of the South Dakota Department of Corrections, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

At the October 22, 2012, hearing, the Court stated that it would review the documents that had been filed under seal to determine what documents should be unsealed. The Court then on October 25, 2012, entered an Order (Doc. 409) requiring that if a party wanted to make a response they should, by November 1, 2012, advise the Court which documents they contend should remain sealed and explain why they should remain sealed. On November 1, 2012, the Defendants filed their "Response to Motion to Unseal [Docket 408]". Document 408 was a "Motion for Order to Open Certain Sealed Documents" filed by the American Civil Liberties Union. The Court's "Order Re: Sealed Documents" (Doc. 409) was a follow-up to the Court's October 22, 2012, statement in open court that some documents should be unsealed.

The Defendants in their November 1, 2012, filing (Doc. 413) state: "the AFPDO (Arkansas Public Defender's Office) is promoting the unsealing of the filings...." and then goes on to state on page 4 that the ACLU (American Civil Liberties Union) is the surrogate of the Arkansas Public Defender's Office. The Court has no knowledge or proof concerning that allegation and will not assume that the American Civil Liberties Union is the surrogate for the Arkansas Public Defender's

Office. If the American Civil Liberties Union is ultimately to be admitted as a party in this case on the basis that it is the surrogate for the Arkansas Public Defender's Office, then the American Civil Liberties Union would be entitled to access of all documents to which the Arkansas Public Defender's Office had access, subject to the same limitations.

Given these claims by the Defendants, the Court is ordering that the Arkansas Public Defender's Office receive a copy of this Order, together with the Notice of Appearance by Robert J. Doody, as counsel for the American Civil Liberties Union, (Doc. 407), First Motion Unsealing Documents by ACLU (Doc. 408), the Court's Order dated October 25, 2012 (Doc. 409), the Response filed by Mark F. Marshall (Doc. 410), and the Response of the State (Doc. 413). If the Arkansas Public Defender's Office desires to respond to the Defendants' allegations and if they also desire to respond concerning the Court's Order Re Unsealing Documents (Doc. 409) as well as the American Civil Liberties Union Motion (Doc. 408), that response should be made by November 13, 2012.

After the Court receives whatever response might be received, if any, on November 13, 2012, the Court will then advise what will be done by whom with regard to the unsealing of certain documents in this file.

IT IS SO ORDERED.

Dated this 5th day of November, 2012.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: _____
DEPUTY

2