# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONALD MOELLER,** | |
| *Plaintiff,* | |
| v. | CIV 04-4200 |
| **DOUGLAS WEBER,** Warden, South Dakota State Penitentiary, **DENNIS KAEMINGK,** Secretary of the South Dakota Department of Corrections in his official capacity, and **DOES 1-20,** unknown employees or agents of the South Dakota Department of Corrections, | |
| *Defendants.* | |

## DEFENDANTS' MOTION FOR PRODUCTION OF SEALED WORD FILES FROM THE AFPDO

Defendants Douglas Weber, Dennis Kaemingk, and Does 1-20, by and through their counsel, Paul S. Swedlund, Assistant Attorney General for the State of South Dakota, file this motion to order the AFPDO to produce an electronic file of each of the sealed pleadings ordered to be reviewed and redacted by the court.[1] This would cover only the the pleadings or exhibits for which the AFPDO has Microsoft Word files, not PDFs or scans of exhibits that the AFPDO does not possess in a Microsoft Word format.

---

[1] The ACLU's motion covers Docket 288, 290, 298, 301, 307, 308, 309, 310, 311, 314, 315, 317, 318, 319, 320, 323, 324, 325, 326, 327, 328, 330, 331, 333, 334, 335, 336, 337, 339, 341, 342, 343, 345, 346, 347, 348, 349, 350, 352, 354, 355, 362, 363, 370.

The reason for this request is as follows. As the undersigned has learned from the work performed so far on redacting the documents, the cumulative pleadings are voluminous and it is possible, even probable, to miss references to protected information sprinkled throughout lengthy briefs. The consequences of overlooking even a single reference to, for example, the manufacturer supplier (whose name is liberally used in the AFPDO pleadings/exhibits) would reveal the manufacturer supplier's identity, which would readily lead to revealing the pharmacist's identity.

If this office is provided with a disk containing the subject electronic files, it can run searches for terms, like the manufacturer/supplier's name, and thereby have greater confidence that nothing has been overlooked.

Scott Braden of the AFPDO signed an affidavit that was attached to the ACLU's motion in support of unsealing the subject pleadings and exhibits. If the AFPDO is promoting the unsealing of these documents, it is incumbent on the AFPDO to assist in the process. Accordingly, defendants request that:

1. The AFPDO be ordered to provide the defendants within seven days a disk containing a copy of electronic files for all documents that are the subject of the court's redaction and unsealing order, including pleadings and exhibits.
2. That each file on the disk be so named as to correspond to the clerk's docket number so that the parties, the clerk, and the court have a common reference system.

Without this added search tool, defendants are concerned that protected persons or entities will be subject to inadvertent disclosure.

Dated this 17th day of December 2012.

Respectfully submitted,

**MARTY J. JACKLEY
ATTORNEY GENERAL
STATE OF SOUTH DAKOTA**

Paul S. Swedlund
ASSISTANT ATTORNEY GENERAL
paul.swedlund@state.sd.us
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 17th day of December 2012 a copy of the foregoing motion for production was served on Scott Braden and Deb Czuba of the Arkansas Federal Public Defenders Office and Robert Doody of the ACLU via e-mail.



Paul S. Swedlund