# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

**DONALD MOELLER,**

*Plaintiff,*

v.

**DOUGLAS WEBER,** Warden, South
Dakota State Penitentiary, **DENNIS
KAEMINGK,** Secretary of the South
Dakota Department of Corrections in
his official capacity, and **DOES 1-20,**
unknown employees or agents of the
South Dakota Department of Corrections,

*Defendants.*

CIV 04-4200

## DEFENDANTS' MOTION FOR REVISION OF ORDER TO UNSEAL

Defendants Douglas Weber, Dennis Kaemingk, and Does 1-20, by and through

their counsel, Paul S. Swedlund, Assistant Attorney General for the State of South

Dakota, file this motion for revision of the court's orders to unseal certain documents.

DOCKET 409, 416. This motion seeks one of two forms of relief: (1) that certain docket

items remain broadly sealed; or (2) that the pharmacist's deposition remain sealed in

total and that any person or entity accessing the unsealed documents be subject to

conditions limiting their use of the accessed documents. The reasons for these two

requests are as follows.

Defendants have completed their redaction review of the subject documents.

Defendants initially believed that identifying names could be safely redacted from the

documents without compromising the anonymity of protected persons. DOCKET 92,

188, 285, 286. Defendants review has led them to conclude otherwise. The reason

name redaction alone does not supply sufficient protection stems from several

interrelated realities inherent in the task:

1. The sealed documents comprise approximately 1,700 pages. Defendants asked the AFPDO in briefing on the protective order to use a euphemism for the manufacturer/supplier's name. They could have done so, just as they did during the depositions, wherein the manufacturer/supplier's name does not appear even once. Instead, the AFPDO generously and liberally dropped the name, or an acronym for it, throughout the sealed pleadings and attached exhibits. There is a high probability that somewhere within these 1,700 pages defendants' counsel overlooked, and consequently did not redact, the acronym for the manufacturer/supplier's name at least once. This is especially likely given that the AFPDO has yet to produce searchable electronic files to aid in this task. Performing electronic searches on the sealed documents on the Attorney General's database greatly increase the defendants' confidence that the manufacturer/supplier's name has been fully redacted from those documents. Defendants do not have that level of confidence about AFPDO documents.

2. Even if each instance of the manufacturer/supplier's name is redacted, the arguments themselves contain potential clues that an astute investigator could use to identify the manufacturer supplier. Defendants' counsel cannot even discuss what these known, potential clues are in this particular motion without giving the ACLU or someone else a tutorial on piecing together the manufacturer/supplier's identity from the unredacted material. Even if defendants were to identify the known, potential clues to the court in a sealed pleading, the ACLU would have access to the pleading while they are not yet subject to any kind of protective order. Redaction of known, potential clues would require a broader redaction than the name redaction authorized by the protective order.

3. Aside from known, potential clues, defendants are concerned that unknown, potential clues may yet lie in arguments concerning the characteristics of the drug and/or its documentation that are made in the briefing.

What is most at stake here is not so much the anonymity of the

manufacturer/supplier, but the anonymity of the pharmacist. As covered in the briefing

on the various motions and cross-motions for summary judgment, no court has ever

compelled disclosure of, or otherwise caused to be involuntarily revealed, the identity of

a pharmacist supplying lethal injection drugs. Unsealing the documents *en masse* as

requested by the ACLU, and promoted by the AFPDO, risks just that. One slip, one hidden clue that identifies the manufacturer/supplier will lead directly to the pharmacist's identity. This court assured the pharmacist that his person and business would remain protected; the broad scope of unsealing requested by the ACLU compromises that promised protection too greatly.

Defendants initially did not oppose the motion to unseal in principle, provided redacted unsealing would not defeat this court's protective orders. DOCKET 92, 188, 285, 286. Defendants themselves desire maximum transparency so that the public knows that the AFPDO's scurrilous accusations are without scientific or factual merit. However, the exercise of redacting the documents has convinced the defendants that the scope of the unsealing ordered cannot be accomplished without compromising, in both known and unforeseeable ways, certain key protections afforded by the court's orders. Consequently, defendants request that the court's unsealing order be revised as follows:

1. That the following portions of Dockets 308 (Part II, Pages 3-6 and Exhibit 1 thereto), 324 (Parts I and II, Pages 10-56, 62-75), 328 (Parts IV, VII, and XII, Pages 6-9, 11, 14-15 and Exhibit 7 thereto), 331 (Part 4, Paragraph a on Page 12), 333 (Paragraphs 4, 6, 7, and 8), 334 (Parts IV, VII, and XII, Pages 6-9, 11, 14-15 of Exhibit 1 thereto), 335 (Part V, Pages 9-15), and 349 (Paragraph 6) will remain sealed. Dockets 288, 290, 298, 301, 307, 309, 310, 311, 314, 315, 317, 318, 319, 320, 323, 325, 326, 327, 330, 327, 330, 336, 337, 339, 341, 342, 343, 345, 346, 347, 348, 350, 352, 354, 355, 362, and 363 will be unsealed as redacted by the defendants and approved by the court.

   OR

2. That the pharmacist's deposition transcript (Docket 308, Exhibit 1 and 328, Exhibit 7) will remain sealed in total, except to the extent it is quoted or referenced in unredacted portions of the briefing. Dockets 288, 290, 298, 301, 307, 308, 309, 310, 311, 314, 315, 317, 318, 319, 320, 323, 324, 325, 326, 327, 328, 330, 331, 333, 334, 335, 336, 337, 339, 341, 342, 343, 345, 346, 347, 348, 349, 350, 352, 354, 355, 362, 363, and 370 will be unsealed as redacted by the defendants and approved by the court subject to conditions set forth in the

Agreement to Conditions of Access to Unsealed Documents as ordered by the court and which must be signed and agreed to by any person or entity who accesses the unsealed documents the court will place on file with the clerk.

As to Item 2, the AFPDO itself has proposed that "no indirect searching or investigation be conducted [by persons accessing sealed documents] based on disclosed, redacted documents that may lead to the names, ages, addresses, or locations of the executioners, the compounding pharmacist, or the compounding pharmacy itself." DOCKET 298 at 14. Thus, the parties appear to agree that the documents should not be used for purposes of investigating the identities of protected persons.

Finally, defendants further request that AFPDO expert Mark Shinabery IDocket 328, Exhibit 17) be brought within the court's protective order before his affidavit is unsealed.

Dated this 2nd day of January 2013.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

Paul S. Swedlund
ASSISTANT ATTORNEY GENERAL
paul.swedlund@state.sd.us
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 2nd day of January 2013 a copy of the foregoing motion for revision was served on the ACLU and Mark Marshall via the CM/ECF electronic filing system.

Paul S. Swedlund