# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

**DONALD MOELLER,**

    *Plaintiff,*

v.

**DOUGLAS WEBER,** Warden, South Dakota State Penitentiary, **DENNIS KAEMINGK,** Secretary of the South Dakota Department of Corrections in his official capacity, and **DOES 1-20,** unknown employees or agents of the South Dakota Department of Corrections,

    *Defendants.*

CIV 04-4200

## DEFENDANTS' REPLY RE: MOTION FOR REVISION OF ORDER TO UNSEAL [DOCKET 420]

Defendants Douglas Weber, Dennis Kaemingk, and Does 1-20, by and through their counsel, Paul S. Swedlund, Assistant Attorney General for the State of South Dakota, file this reply to the ACLU's response to defendants' motion for revision of the court's orders to unseal certain documents. DOCKET 420.

1. Defendants' motion requests relief and guidance from the court regarding the unsealing of documents containing sensitive information because defendants' review revealed that the documents contain substantial identifying clues beyond the mere names that are protected by this court's orders.

2. Defendants' purpose is not to overly redact documents but to preserve the anonymity of protected persons and entities. Proof that the defendants are not seeking to overly redact is found in the fact that defendants have proposed narrow redaction accompanied by conditions on access to the documents, such as dissemination restrictions and prohibitions on the use of the documents for the purpose of investigating the identities of protected persons or entities.

3. The dissemination restriction is important because the clerk should have a log of each person who has a copy of restricted-use documents so that violations of the court's conditions of access can be more readily enforced.

4. The investigation restriction is reasonably necessary to prevent misuse of the documents for the purpose of end running the court's protective orders. One would not find the investigation restriction burdensome unless one's purpose was to investigate the identities of protected persons.

5. Contrary to the ACLU's claim, defendants are not stalling. No more time is needed if the motion is granted in one of the two forms proposed. Defendants would only require more time if the court grants the defendants' motion for searchable electronic files from the AFPDO. Defendants' counsel's word searches of the documents on defendants' counsel's computer greatly enhanced his confidence that the eyeball review of the documents had caught all protected names.

6. The pharmacist's qualifications are sufficiently described in portions of the briefing that do not require redaction to meet the public's right to an understanding of how Moeller's execution was carried out without disclosing the pharmacist's deposition transcript and the identity clues contained therein. This is especially true considering that the pharmacist's product passed post-compounding testing, proving that concerns over the pharmacist's competency were unfounded.

7. The ACLU's right of access to court documents under the First Amendment is not absolute. The ACLU's rights must be balanced against the privacy and economic rights of protected persons or entities. The ACLU's response does not describe how, or even claim that, its mission on behalf of this nation's condemned inmates will be substantially undermined by the unsealing of the documents under the conditions described in defendants' motion.

Accordingly, defendants request that the court order redaction and disclosure as described in the defendants' motion for revision. Defendants renew their request for searchable electronic filed supplied by the AFPDO prior to disclosure to the clerk.

Dated this 7th day of January 2013.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

Paul S. Swedlund
ASSISTANT ATTORNEY GENERAL
paul.swedlund@state.sd.us
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of January 2013 a copy of the foregoing reply in support of motion for revision was served on the ACLU and Mark Marshall via the CM/ECF electronic filing system.

*Paul S. Swedlund*