# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONALD MOELLER,** | |
| *Plaintiff,* | |
| v. | CIV 04-4200 |
| **DOUGLAS WEBER,** Warden, South Dakota State Penitentiary, **DENNIS KAEMINGK,** Secretary of the South Dakota Department of Corrections in his official capacity, and **DOES 1-20,** unknown employees or agents of the South Dakota Department of Corrections, | |
| *Defendants.* | |

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO REPLY BRIEF IN SUPPORT OF MOTION TO UNSEAL

Defendants Douglas Weber, Dennis Kaemingk, and Does 1-20, by and through their counsel, Paul S. Swedlund, Assistant Attorney General for the State of South Dakota, file this supplemental response to the American Civil Liberties Union's (ACLU) reply brief in support of their motion to unseal certain docket items. Defendants request that the documents either remain under seal or be unsealed only according to the terms proposed in defendants' pending motion for revision of the court's unsealing order.

1. The ACLU's reply brief makes no secret of its intent to investigate, identify, and out the identities of the state's pentobarbital manufacturer/supplier and compounding pharmacist. No court has ever compelled a state to disclose its confidential sources of lethal injection drugs. Given the ACLU's undisguised intent to publicize what is protected by state law and this court's orders, the state believes the court should not unseal any documents, redacted or otherwise.

2. When this court ordered the sealing of certain pleadings in this case, it made a determination that there were "valid reasons" for the state to fear that "revealing the sources and suppliers of lethal injection drugs [would] subject them to threats

and harassment by death penalty opponents." Those concerns are as valid today as they were when the court entered its order. If anything, the ACLU's reply brief confirms that the state's concerns for its third-party suppliers' privacy are well founded because the ACLU obviously intends to use the information to strongarm the state's suppliers into toeing the ACLU's line.

3. It is no secret that the state used compounded pentobarbital. Redacted testing made available to the public proved that the compounded drug met or surpassed the USP monograph. Thus, the public knows what kind of drug the state is using and knows that it was not purchased from, or compounded by, sources that produced an inferior, non-pharmaceutical grade drug.

4. Since the time that the ACLU filed its motion, South Dakota's lethal injection protocol, as written and as implemented, has been found constitutional by the 7th Circuit Court of South Dakota. Like Donald Moeller, Charles Russell Rhines challenged the constitutionality of South Dakota's protocol and the drug used in the Robert and Moeller executions. The *Rhines* court held a trial that included the testimony of Dr. Mark Heath and Dr. Mark Dershwitz as well as substantial evidence overlapping the Moeller litigation, such as the depositions of Deponents # 1 - # 4 and the affidavits of Dr. Sarah Sellers, Douglas Weber, Deponent # 1, and Duncan Murdy, all filed under seal. The court entered detailed findings of fact and conclusions of law. Given that an impartial court in an adversary proceeding has found that South Dakota is not engaging in unconstitutional practices in connection with its selection, acquisition, or administration of lethal injection drugs, the ACLU's interest in the sealed documents is substantially diminished. The public now has the assurance of a judicial tribunal that South Dakota is carrying out lethal injection in a constitutional manner so there is little to gain by the unsealing of the documents in question to allow the ACLU to investigate what the 7th Circuit Court has already investigated. Indeed, as more states, such as Idaho, Oklahoma, Pennsylvania, and Colorado have switched to and used compounded pentobarbital in executions, the "controversy" surrounding the use of compounded drugs increasingly appears more manufactured than real.

5. Unsealing the documents in question would undermine the 7th Circuit Court's order sealing the same documents. The South Dakota Federal Public Defender, unlike the Arkansas Federal Public Defender, did not oppose the sealing of documents naming or identifying the state's lethal injection drug suppliers.

6. Executions have been brought to a standstill in states like Nebraska, Missouri, and Pennsylvania due to drug supplier harassment campaigns by death penalty abolitionist groups. The South Dakota legislature recently found that this state's governmental functions were sufficiently threatened by disclosure of the identities of the state's lethal injection drug suppliers that it passed a new law making the disclosure of such information a Class 1 misdemeanor. This statute supplements an existing state administrative rule prohibiting disclosure of the identity of a lethal injection drug supplier. Fourteen other states have similar supplier protection statutes and others, like Georgia, are in the process of enacting them.

7. The documents in question have never been disclosed or made available in open court. Thus, much of the ACLU's cited authorities and legal theories are inapposite. The ACLU proffers no authority for the proposition that it is entitled to sealed court documents bearing the identities of private persons who assist the state in carrying out lawful executions. It does not appear that any court has ever done so.

8. Out of hundreds of method of execution challenges filed by inmates and interest groups, *not one federal court* has deemed the provenance of an execution drug of sufficient constitutional relevance as to compel a state to publicly disclose the identity of its drug supplier. If the federal judicial guardians of our constitution do not widely regard a drug's provenance to be constitutionally significant to the inmate most affected, it is hard to see how that information is a matter of pressing constitutional concern to the general public as the ACLU represents.

9. The State of South Dakota has as much interest in transparency as the ACLU or the public. The best way for the state to refute the many ridiculous conspiracy theories and aspersions cooked up by the ACLU, the AFPDO, Reprieve, and other strident death penalty abolitionist organizations is to maximize public disclosure. The state has no reservations about publicizing as much information as possible, short of disclosing the identities, or information leading to the identities, of its lethal injection drug suppliers, in defense of its practices. The state believes that it has already disclosed sufficient information to satisfy the public, and the 7th Circuit Court, that its method of execution complies with constitutional standards. Any disclosure beyond that proposed in the state's motion to revise will serve no purpose other than to enable the ACLU, Reprieve, the AFPDO, or others to infringe on the privacy and economic interests of third parties.

10. If unsealing is still deemed prudent, the state is prepared to submit redacted copies to the court for its review forthwith once the court rules on the extent of the redaction that is permitted.

Dated this 15th day of March 2013.

Respectfully submitted,

**MARTY J. JACKLEY**
**ATTORNEY GENERAL**
**STATE OF SOUTH DAKOTA**

Paul S. Swedlund
ASSISTANT ATTORNEY GENERAL
paul.swedlund@state.sd.us
1302 East Highway 14, Suite 1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of March 2013 a copy of the foregoing supplemental response to reply in support of motion to unseal was served on the ACLU and Mark Marshall via the CM/ECF electronic filing system.

Paul S. Swedlund