UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
SEP 30 2013

******************************************************************

| | | |
|---|---|---|
| DONALD E. MOELLER, | * | CIV 04-4200 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the South Dakota Department of Corrections in his official capacity, and DOES 1-20, unknown employees or agents of the South Dakota Department of Corrections, | * | |
| Defendants. | * | |

******************************************************************

The American Civil Liberties Union (ACLU) filed a Notice of Appearance on October 24, 2012, but has never filed a Motion to Intervene nor a request to appear as *amicus curiae* or in any other capacity. Donald Moeller was subsequently executed on October 30, 3012. Defendants have objected that the ACLU has no standing. (Doc. 429 filed September 5, 2013.) It is true that at this point the ACLU has no standing and the Motion for Order to Open Certain Sealed Documents filed by the ACLU is therefore denied without prejudice. *Jones v. Clinton*, 206 F.3d 811 (8th Cir. 2000). However, prior to the filing of the ACLU motion the Court had indicated in open court that some of the documents would be unsealed.

Defendants also argued in Doc. 429, Defendants' Motion to Dismiss and Close File, that the Court no longer has jurisdiction as there is no longer a case or controversy. The Court has the inherent authority and obligation to continue to complete what it announced in open Court on

October 22, 2012, that being that some of the documents in the court file would be unsealed. Accordingly, that portion of Defendants' Motion is denied. The unsealing of the judicial documents in this file is a continuing matter of public interest and concern both in South Dakota and elsewhere especially due to the fact that the Court file involves the carrying out of an execution. There are more persons to be executed under South Dakota law and the protocol and the method of execution remains a heated area of public policy, concern, and debate throughout South Dakota and the rest of the United States. Donald Moeller is now gone but a strong public interest remains in the documents in the court file. Due to lack of standing, the Motion (Doc. 408) filed by the ACLU is denied without prejudice. The merits of that Motion have not been adjudicated.

The Court has the same position as the Court stated in open court on October 22, 2012, that being that some documents should be unsealed. Some of the documents to be unsealed will have to be partially redacted in order to comply with SDCL 23A-27A-31.1, as amended in 2013.

The Defendants have urged a mosaic theory with the idea being that by taking different pieces of unsealed information the identity of executioners, compounding pharmacist, and manufacturer could be deduced. The Court does not agree with that argument except to the extent that the qualifications of persons need not be so specific that they could result in identification of execution team members or the compounding pharmacist. The identity of the manufacturer will continue to be kept under seal.

The Court is unaware of any court decision which holds that a statute similar to SDCL 23A-27A-31.2 is unconstitutional or otherwise invalid. See, however, *Phelps-Roper v. Koster*, 713 F.3d 942, 949 (8th Cir. 2013) "[A]lthough a duly enacted statute normally carries with it a presumption of constitutionality, when a regulation allegedly infringes on the exercise of first amendment rights, the statute's proponent bears the burden of establishing the statute's constitutionality." (citations omitted). For the purposes of this unsealing, however, the Court is going to presume that SDCL 23A-27A-31.2 is constitutional and the statute will be applied. The Court interpreted SDCL 23A-27A-31.2 in a manner to support its constitutionality during the proceedings

in this case when it allowed discovery by the attorneys for Plaintiff Moeller of the persons administering the intravenous injection and of the compounding pharmacist. If SDCL 23A-27A-31.2 were to be interpreted to prevent any such discovery, then surely constitutional issues would be presented as such an interpretation could prevent the presentation of a full and adequate defense to the protocol for or the actual method of that execution. It may be that any constitutional challenge, if made, to SDCL 23A-27A-31.2 should take place in another case as there are other death penalty cases pending in South Dakota. See, for example, *Rhines v. Young*, CIV 00-5020 pending in this Court (Ex. 4 to Doc. 429).

Defendants' earlier suggestion on redaction, prior to their Motion to Dismiss the case and leave all sealed documents sealed, have been considered but instead the Court is going to have the Defendants submit a hard copy of each sealed document to the Court with the redactions on each document to carry out the directions contained in this Order. Each redaction shall be in brackets so that the Court in its *in camera* review can see what is proposed to be redacted. The clerk of this Court is currently installing a CM/ECF test data base to insure that sealed documents remain sealed and the following procedure will be used: after the Court's *in camera* review the documents that are redacted and unsealed will be attached as redacted by the Court to the same sealed docket number, so that the sealed and the unsealed document will be at the same docket entry. Accordingly,

IT IS ORDERED:

1. That the Motion for Order to Open Certain Sealed Documents, Doc. 408, filed by the ACLU is denied without prejudice.

2. That Defendants' Motion for Revision of Order to Unseal, Doc. 420, is denied.

3. That Defendants' Motion to Dismiss and Close File, Doc. 429, is denied.

4. That the Defendants shall submit a hard copy of each sealed document to the Court with the redactions as specified above to be in brackets for the Court's *in camera* review.

Dated this 30th day of September, 2013.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: /s/ Deb Peterson
　　　　DEPUTY