UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
SEP 3 0 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| DONALD E. MOELLER, | CIV 04-4200 |
| Plaintiff, | |
| vs. | ORDER |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary, DENNIS KAEMINGK, Secretary of the South Dakota Department of Corrections in his official capacity, and DOES 1-20, unknown employees or agents of the South Dakota Department of Corrections, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendants have filed a Motion to Stay (Doc. 436) and a Motion to Retain Documents Under Seal and Close File (Doc. 437), together with supporting documents.

The Court noted at a hearing in October, 2012 before the execution and then ordered on January 29, 2014 that there be unsealing of a portion of the file in this case as out of an abundance of caution the Clerk's Office sealed some documents that need not have been sealed and were not ordered to be sealed.

Pursuant to the Court's Order of January 29, 2014 the Defendants have provided the Court, under seal, with the redactions to the sealed documents in the file, which would then allow those documents to be unsealed provided they have the redactions on the unsealed documents. The Court has personally reviewed each of those documents with the Defendants' redactions. The Court agrees with the redactions proposed by the Defendants and the Court will also keep under seal the three

depositions that are filed as Exhibits 1, 2, and 3 to Document 308. Exhibit 4 is the deposition of Defendant Douglas Weber, Warden, South Dakota State Penitentiary, and a named Defendant. The three deponents in Exhibits 1, 2, and 3 are not named Defendants and their identities are to remain as protected by continued sealing. Those three depositions were taken pursuant to an Order of the Court under procedures established by the Court to protect the identities but not the positions of the deponents. Exhibit 1 is the deposition of the compounding pharmacist. Exhibit 2 is the deposition of the compliance officer. Exhibit 3 is the deposition of the fleet manager of an EMS organization.

Document 437, filed February 11, 2014 is Defendants' Motion to Retain Documents Under Seal and Close File and Supporting Brief. The Court previously denied closing the file with its Order of September 30, 2013, Doc. 431. Defendants had requested that closure in Doc. 429 filed September 5, 2013. Thirteen exhibits were filed with Doc. 437. Exhibit 1 of those 13 exhibits contains Defendants' lawyers allegations against some of the lawyers which for a time represented Donald Moeller. Those allegations are not relevant to these proceedings. In addition, after proceedings in accordance with the Local Rules of the United States District Court for the District of South Dakota, United States District Judges Lawrence L. Piersol and Karen E. Schreier found the allegations of the Defendants' lawyers to be without merit and dismissed those allegations. The disposition by a two judge panel of this Court of those allegations will also be filed in this proceedings as a sealed document, Exhibit A, and no party or other person or entity has access to that document without a Court Order, this being in keeping with the procedure in the District of South Dakota in handling lawyer discipline matters. Exhibit 1 to Document 437 is stricken from the record of this case and Exhibit 1 will be retained by the Clerk of the United States District Court for the District of South Dakota as sealed disciplinary allegations.

Defendant Weber's deposition transcript which is Exhibit 4 to Document 308 is also repeated as Exhibit 11 to Document 328 and neither is to be sealed.

The South Dakota privilege statute was not attacked in these proceedings. The American Civil Liberties Union (ACLU) made an appearance but was never accorded any status in the case.

Court's Order, Doc. 431. Accordingly, with that common-law access right not being litigated in this case, the Court has applied the South Dakota privilege statute. Whether or not SDCL 23A-27A-31.2 might be overridden by countervailing interests is for decision in some other case. The "common-law right of access applies to judicial records in civil proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). That common law right of access is not without exception. "Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (internal quotation marks omitted).

The Court has allowed all redactions requested by the Defendants with the exception of Exhibit 4, Warden Weber's deposition. However, the Court denies Defendants' request, Doc. 437, that despite redaction all currently sealed documents remain under seal. Even though Donald Moeller is dead, there is strong public interest in these proceedings. Debate about method of execution and execution itself continues on. Lawyers for various parties both in South Dakota and elsewhere will want access to these proceedings. Legislators may want similar access. Scholars surely will want such access as is available. The general public has strong interest in these issues and they and their elected representatives should have access to these proceedings as redacted. Especially with identities protected, it is not in the best interests of a free and open society to completely seal from the public court documents dealing with the most basic issue in life after the origin of life, that of the taking of life by decision of the Government.

IT IS ORDERED:

1. That Defendants' Motion to Stay, Doc. 436, is denied.

2. That Defendants' Motion to Retain Documents Under Seal and Close File, Doc. 437, is granted in part and denied in part in that the documents

Defendants designated for sealing in whole or in part by redaction are sealed or redacted as requested by the Defendants with the exception of the deposition of Defendant Weber, which is not sealed. The Defendants' Motion to Seal the entire file is, however, denied.

3. That Exhibit 1 of Doc. 437, Defendants' Motion to Retain Documents Under Seal and Close File, is stricken from the record of this case and will be filed with the record of disciplinary complains maintained under seal by the United States District Court for the District of South Dakota.

4. That Exhibit A to this Order shall be filed under seal.

Dated this 30th day of September, 2014.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

4